JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Jane Doe, as Parent and Natural Guardian for Roe, a Minor,

## DEFENDANTS
Colonial Intermediate Unit 20, et al.

**(b)** County of Residence of First Listed Plaintiff   Northampton
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Northampton
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Justin F. Robinette, The Law Offices of Eric A. Shore, 2 Penn Center, 1500 JFK Blvd Ste 1240, Philadelphia, PA 19102, (215) 944-6121

Attorneys *(If Known)*
Rebecca A. Young/John E. Freund, III,
King, Spry, Herman, Freund & Faul, LLC
One West Broad St, Ste 700, Bethlehem, PA 18018, (610) 332-0390

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government Plaintiff

☒ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | **PERSONAL INJURY** | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| | | | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☒ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 12101, et seq
Brief description of cause:
Discrimination by state educational agency

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE                              DOCKET NUMBER

DATE   03/02/2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __Northampton County, PA__

Address of Defendant: __9 Danfort Drive, Easton, PA 18045__

Place of Accident, Incident or Transaction: __3149 Chester Avenue, Bethlehem, PA 18020__

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes ☐ No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes ☐ No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes ☐ No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes ☐ No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __03/02/2020__ _____ Attorney-at-Law / Pro Se Plaintiff     PA 319829
Attorney I.D. # (if applicable)

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Justin F. Robinette__, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: __03/02/2020__ _____ Attorney-at-Law / Pro Se Plaintiff     PA 319829
Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

|  |  |  |
|---|---|---|
| Jane Doe, as P/N/G of Roe, a Minor, | : | CIVIL ACTION |
| v. | : | |
| Colonial Intermediate Unit 20, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| | | |
|---|---|---|
| 03/02/2020 | Justin F. Robinette | Jane Doe and Roe |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 944-6121 | (215) 944-6124 | justinr@ericshore.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JANE DOE, as Parent and Natural Guardian of ROE, a Minor,<br><br>                      Plaintiffs,<br><br>    v.<br><br>COLONIAL INTERMEDIATE UNIT 20; BETHLEHEM AREA SCHOOL DISTRICT; RANDY ALAN HERZON; and JAMES McDONALD,<br><br>                      Defendants. | CASE NO. _____ |

## COMPLAINT

### PARTIES

1.      Plaintiff, Jane Doe (hereinafter, "Doe"), is an adult individual who resides in this District in Northampton County, Pennsylvania.  Doe is the Parent and Natural Guardian for Roe, a Minor, along with Roe's father.

2.      Minor-Plaintiff, Roe (hereinafter "Roe"), is a minor who resides in this District in Northampton County, Pennsylvania, with Doe.

3.      Defendant, Colonial Intermediate Unit 20, is an educational service agency of the Commonwealth of Pennsylvania responsible for providing special education services to students with disabilities who are placed in Intermediate Unit ("IU") programs by local school districts. Defendant, Colonial Intermediate Unit 20, operates a principal place of business, and has a registered office address, at 6 Danforth Road, Easton, Pennsylvania, 18045.  Upon information and belief, Defendant, Colonial Intermediate Unit 20, receives Federal financial assistance in the form of, upon information and belief, *inter alia*, Title I funds, funds for improving educational

services, data governance, for Keystone exams, and other educational services.  This Defendant discriminated against and failed to accommodate Roe's disability of gender dysphoria ("GD").

4.       Defendant, Bethlehem Area School District ("BASD"), is a school district, local education agency, and/or educational institution that, at all times relevant hereto, contracted with Defendant, Colonial Intermediate Unit 20, to provide educational services to students in the Lehigh Valley, including Roe, and instead this Defendant, *inter alia*, failed to accommodate Roe's gender dysphoria.  Freedom High School was where the discrimination, harassment, and retaliation alleged herein occurred, and is part of BASD, _not_ the Northampton Area School District.  Defendant BASD failed to provide prompt and appropriate action to prevent, correct, and remedy the discrimination and harassment of which it had actual knowledge.  The services and facilities ultimately denied to Roe on account of Roe's gender identity were located at Freedom High School which is part of BASD.   Defendant BASD's services and facilities at Freedom High School are believed to be inaccessible to students with gender dysphoria based on the conduct alleged herein.  Defendant BASD therefore was personally involved in and participated in these acts.

5.       Defendant, Randy Alan Herzon, was, at all times relevant hereto, a licensed professional counselor ("LPC") whose services were employed by the Defendant, Colonial Intermediate Unit 20, and who personally participated in the discriminatory acts as described more fully herein.  Upon information and belief, the Defendant, Colonial Intermediate Unit 20, continues to employ the services of Defendant Herzon as a licensed professional counselor despite the conduct herein.

6.       Defendant, James McDonald, was, at all times relevant hereto, a licensed social worker ("LSW"), and the Director of Behavioral Health Services for Defendant, Colonial

Intermediate Unit 20, who failed to prevent, correct, and remedy the discrimination and

harassment herein; failed to accommodate Roe's gender dysphoria; and who, upon information

and belief, was responsible for but failed to adequately train or supervise Defendant, Randy Alan

Herzon, LPC.

## JURISDICTION AND VENUE

7.      This Court has subject-matter jurisdiction over Plaintiffs' claims pursuant to 28

U.S.C. § 1331 because the claims present a federal question.

8.      This Court has jurisdiction over Defendants because Defendants' contacts with

this state and judicial district are sufficient for the exercise of jurisdiction over Defendants to

comply with traditional notions of fair play and substantial justice, satisfying the standard set

forth by the Supreme Court of the United States in International Shoe Company v. State of

Washington, 326 U.S. 310 (1945), and its progeny.

9.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1)-(2) because Defendants reside

in and/or conduct business in this judicial district, and because a substantial part of the acts

and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## INTRODUCTORY STATEMENT

10.     At all times relevant hereto, Minor-Plaintiff, Roe, was fourteen (14), going on

fifteen (15), years of age.  Roe is currently fifteen (15) years of age.  Roe identifies as non-binary

and with the pronouns "they," "them," and "theirs."  The pronouns "they," "them," and "theirs,"

will be used to refer herein to Minor-Plaintiff, Roe, throughout the Complaint.

11.     Roe was subjected to discrimination by being tormented and abused on account of

their gender identity by Defendants, even though Roe had an individualized education plan

("IEP") for their mental health challenges.  Defendants were required to, but failed to, fully

3

implement Roe's IEP, and at least should not have discriminated against and harassed Roe as Roe's healthcare providers, thereby exacerbating Roe's GD.

12.      Before filing this lawsuit, Roe's mother, Jane Doe, tried to resolve these matters by complaining to the Supervisor of Clinical Support and Interim Compliance Officer for Colonial Intermediate Unit 20; to the Supervisor of Special Education for Colonial Intermediate Unit 20; and then to the Director of Behavioral Health, Defendant James McDonald.  Defendant McDonald responded that group counseling would be "made optional" for Roe by which he meant social isolation would be an acceptable solution for Roe moving forward given Roe's issues with their mistreatment otherwise.

13.      Mother-Plaintiff then filed a Due Process Complaint with the Commonwealth of Pennsylvania's Office of Dispute Resolution ("ODR"), before filing this lawsuit, in order to try to help her child and in good faith address her child's issues over the discrimination and denial of services which were required to be implemented in accordance with the child's IEP, not simply "made optional" because there was too much prejudice against the child on account of their disability.  Defendants, in response, on January 16, 2020, immediately moved to dismiss the Due Process Complaint, arguing that gender dysphoria ("GD") is "not a disability for which accommodations are required" and citing  "42 U.S.C. § 12211" which is the "GID exclusion," stating that "transvestism, transsexualism, pedophilia, exhibitionism, voyeurism, gender identity disorders not resulting from physical impairments, or other sexual behavior disorders," are purportedly "not covered under the ADA," arguing that "gender dysphoria is not an educational eligibility category under the IDEA," and that  "[t]he Complaint fails to state a claim or dispute to be adjudicated under the due process system provided by the IDEA and Chapter 14 of the Pennsylvania Code."  See Exhibit "A," at p. 7, para. 2.  But, Roe already had an IEP which

4

accepted they had a covered disability and which was required to be implemented by

Defendants.

14.     Northampton Area School District also filed a Motion to Dismiss, on January 16,

2020, alleging that "[g]ender dysphoria is not a disability category under the IDEA or a disability

category recognized under Section 504[,]" "gender dysphoria is not a disability pursuant to

Section 504," citing "42 U.S.C. § 12211" which is the purported "GID exclusion" of purportedly

"transvestism, transsexualism, pedophilia, exhibitionism, voyeurism, gender identity disorders

not resulting from physical impairments, or other sexual behavior disorders," arguing that gender

dysphoria is "not a disability under the ADA," and arguing therefore that "gender dysphoria is a

gender identity disorder and therefore excluded from ADA." See Ex. "B" to Plaintiffs'

Complaint, at ECF No. 1, pp. 2-3.  Northampton Area School District therefore argued that "no

qualifying disability or exceptionality has been identified to form a basis for asserting any claim

pursuant to Section 504." See id. at p. 3.  Again, Roe already had an IEP which accepted they

had a covered disability and which was required to be implemented by Defendants.

15.     Mother-Plaintiff, before initiating this lawsuit, even filed a complaint with the

Pennsylvania Human Relations Commission ("PHRC") on behalf of her minor-child, to attempt

to address and remedy the situation.  However, again, Defendants, Colonial Intermediate Unit

20, Herzon, and McDonald, immediately filed a Motion to Dismiss the PHRC Complaint, on

February 21, 2020, alleging that the Pennsylvania Human Relations "Act does not include

gender dysphoria as a disability," purportedly "transsexualism is not a disability under the

PHRA," and purportedly "Complainants have not alleged that Minor Child Roe has a disability

that is recognized under the Act." See Ex. "C" to Plaintiffs' Complaint, at ECF No. 1, p. 1.

16.     Such a position contradicts public statements by Governor Wolf and his administration that they purportedly do not discriminate against members of the non-binary, transgender, or gender nonconforming community publicly or that the administration purportedly supports gender diversity publicly.  But these words are false and empty.  Defendants' position in this case regarding purported lack of coverage for the most vulnerable of children, adolescents, and teenagers who are members of the non-binary, transgender, or gender nonconforming community, under the special education laws, reveals that these public statements of Governor Wolf and his administration are false and empty.  The intermediate unit, a Commonwealth agency, is rife with hate, bias, and bigotry toward members of the non-binary, transgender, or gender nonconforming community.  "Transvestism, transsexualism, pedophilia, exhibitionism, voyeurism, gender identity disorders not resulting from physical impairments, or other sexual behavior disorders," is an antiquated and totally biased understanding of what it means today to be a member of the non-binary, transgender, or gender nonconforming community, and to live with disabling gender dysphoria ("GD").  With all due respect, it cannot be said with any credibility that the Commonwealth of Pennsylvania is supportive of members of the non-binary, transgender, or gender nonconforming community, nor supportive of a trans person's transition.

17.     For Roe each of Defendant's facilities was rife with discrimination, transphobia, and bigotry so severe and pervasive as to effectively render the educational agency, program, or activity inaccessible to members of the non-binary, transgender, or gender nonconforming community, who suffer from gender dysphoria ("GD"), and Defendants suggest, even though Roe already had an IEP for their covered disability, that this is "not a disability for which accommodations are required" even.  <u>See id.</u>  Roe is therefore moving forward with this lawsuit

6

to seek justice against the Defendants for tormenting and abusing Roe, and for all other members

of the non-binary, transgender, and gender nonconforming community requiring explicit

protection from the Defendants.  Plaintiffs seek to have Defendants adopt and implement a clear

and unequivocal non-discrimination, anti-harassment, anti-retaliation, and an Equal Access

Policy stating that all members of the non-binary, transgender, or gender nonconforming

community in the future will be treated consistent with their gender identity, in all respects,

including with respect to decisions about their own health treatment.

18.     Defendants had a duty and were required to do the exact *opposite* from what they

did here in assisting Roe to overcome Roe's mental health challenges, rather than actually

exacerbating Roe's mental health condition on account of Defendants' discriminatory and

harassing conduct.  Defendants acted maliciously, intentionally, and/or recklessly as Defendants

know that bullying an LGBT person can lead to the person's suicide.  Roe has said they feel:

"Degraded," "Invalid," "Silenced," and "Distraught."  Defendants take no accountability for

their bigotry, bias, and hate, as Defendants, upon information and belief, still employ Mr.

Herzon, and Defendants claim Roe's condition is excluded from coverage as a disability as

"transsexualism" is purportedly not a covered disability.

**COUNT I:**
**DISPARATE TREATMENT/DISCRIMINATION BASED ON DISABILITY IN**
**VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITES ACT, AS**
**AMENDED, 42 U.S.C § 12101, <u>et seq.</u>**
**(Plaintiff, Jane Doe, as Parent and Natural Guardian of Roe, a Minor v. Defendants,**
**<u>Colonial Intermediate Unit 20, Bethlehem Area School District, Herzon, and McDonald</u>)**

19.     All of the foregoing paragraphs are hereby incorporated by reference as if the

same were more fully set forth at length herein.

20.     Plaintiff, Jane Doe, is Roe's mother.  Roe was, at all times relevant hereto,

enrolled in the Northampton Area School District.  Roe was, at all times relevant hereto, placed

7

on an Individualized Education Program or Plan ("IEP") on account of, *inter alia*, Roe's gender dysphoria ("GD"), defined as clinically significant distress associated with being non-binary, transgender, or gender nonconforming.

21.     Roe's IEP was, at all times relevant hereto, to be implemented by Defendant, Colonial Intermediate Unit 20, including but not limited to providing Roe with both individualized counseling and group counseling, which constitute a form of behavioral health or psychological treatment, and which was to occur at Freedom High School, a part of the Bethlehem Area School District.

22.     Roe is covered under the Individuals with Disabilities Education Act ("IDEA"), and the Americans with Disabilities Act ("ADA"), to wit:

a.     Roe has an actual physical impairment in that Roe has a biological condition plausibly of physical origin due to brain neuroanatomy, and the formation of that brain neuroanatomy in the womb, which substantially limits the major life activities of interacting with others, social functioning, and reproducing.  Roe's condition has caused Roe to suffer, in the past, from anxiety, depression, and tics.

b.     Roe has a record of a disability in the form of a biological condition plausibly of physical origin when Roe's brain neuroanatomy was formed in the womb before birth resulting in Roe's anatomical sex not corresponding with Roe's gender identity.

c.     Roe was perceived or regarded by Defendants as disabled in that Defendants stereotyped Roe as having a mental impairment, mental infirmity, and/or not being able to properly think.  However, being non-binary, transgender, or gender nonconforming is *not* a mental disorder.

8

d.      Any exclusion of persons from the law who are non-binary, transgender, or gender nonconforming is unconstitutional as violating equal protection under the Due Process Clause of the Fifth Amendment to the United States Constitution.

e.      Alternatively, upon information and belief, Roe has an actual physical and/or mental impairment in the form of gender dysphoria ("GD"), defined as clinically significant distress associated with being non-binary, transgender, or gender nonconforming, which substantially limits the major life activities of interacting with others, social functioning, and reproducing.

23.      Roe suffered disparate treatment and discrimination from the Defendants based on Roe's actual and/or perceived disability, to wit:

a.      Roe started counseling at Freedom High School, part of the Bethlehem Area School District, through Colonial Intermediate Unit 20, and beginning in or around April 2019, as soon as Roe started counseling, and continuing on a frequent basis thereafter including up until September and October 2019, the staff of Defendant, Colonial Intermediate Unit 20, repeatedly tormented and abused Roe by misgendering Roe using "she" and "her," which are not Roe's preferred pronouns, and by using Roe's legal female name, which is not Roe's preferred name.

b.      After being misgendered, Roe frequently rebuffed or corrected the misgendering by indicating that Roe's preferred pronouns were "they" and "them" as Roe identifies as non-binary, or words to that effect.  Roe also frequently rebuffed or corrected the use of Roe's legal female name by indicating Roe's preferred name.  However, even after Roe corrected Roe's name and pronouns, the tormenting and misgendering still did not stop, but instead continued unabated.

9

c.     On May 29, 2019, Roe was misgendered with Roe's female name, in written

correspondence from Ms. Nicole Baker, Supervisor of Clinical Support and Interim Compliance

Officer, addressed to Roe's parents.  However, Roe's female name is not Roe's preferred name,

which Roe repeatedly made clear to Defendants by identifying Roe's preferred name.

d.     On September 20, 2019 – which was, incidentally, Minor-Plaintiff, Roe's,

fifteenth birthday – during a "20-day meeting" where Roe and the lead Plaintiff, who is Roe's

mother, were both present, Defendant, Randy Alan Herzon, the counselor assigned to Roe for

individual counseling pursuant to Roe's IEP, tormented and abused Roe by, among other things,

repeatedly misgendering Roe with "she" and "her."  Mr. Herzon further specifically stated that

he would not use Roe's preferred pronouns because "it is against what I was taught learning the

English language," and "I am from a generation that does not believe in these pronouns," or

words to that effect.  Mr. Herzon also stated to Doe and Roe, during the meeting, that Mr.

Herzon believed, referring to Roe, that "she is making a choice which is against the norms of

society," and "she is setting herself up for a difficult life," or words to that effect.  Mr. Herzon

further stated that Mr. Herzon "cannot control the pronouns other staff members use" when

referring to Roe, and that instead the child simply "should not let what people say affect her," or

words to that effect.  Roe suffered severe emotional distress and began crying visibly during the

meeting on their birthday.  Roe has regressed by self-harming or mutilating including on the

breast area, and has had thoughts of suicide.

e.     On September 20, 2019, following the meeting with Mr. Herzon, Mother-

Plaintiff, Jane Doe, lodged a formal complaint via e-mail with Ms. Nicole Baker, Supervisor of

Clinical Support and Interim Compliance Officer for Colonial Intermediate Unit 20; Mr. Kory

Kutzler, Supervisor of Special Education for Colonial Intermediate Unit 20; and Ms. Nadine

Rupp, a school counselor at Northampton Area High School.

      f.      On September 23, 2019, Ms. Baker followed up with Doe, they had a discussion

by phone, and Doe recollects that Ms. Baker attempted to explain to Doe that the conduct

occurred because "the last time they had training was five (5) years ago online," or words to that

effect.  Upon information and belief, Defendants failed to adequately provide training in non-

discrimination and anti-harassment, and/or failed to adequately provide training in non-

discrimination and anti-harassment which was fully LGBT-inclusive.

      g.      On September 24, 2019, Doe followed up with another e-mail to Ms. Baker, Mr.

Kutzler, and Ms. Rupp, requesting that Roe receive individual counseling moving forward from

another therapist besides Mr. Herzon on account of Mr. Herzon's discriminatory conduct.

      h.      On September 25, 2019, Mr. James McDonald, Director of Behavioral Health

Services at Colonial Intermediate Unit 20, called Mother-Plaintiff, Jane Doe, by phone and

explained that Colonial Intermediate Unit 20 could not provide a therapist to replace Mr. Herzon

for group counseling, so group counseling will be optional for Roe moving forward, or words to

that effect.  Social isolation is not an acceptable solution and constitutes discrimination.  Roe's

IEP states that group counseling is indicated and necessary five (5) times per week, for sixty (60)

minutes per session, on account of Roe's challenges.  By comparison, cisgender students are,

upon information and belief, provided group counseling by Defendants without any issue, and

such treatment is not simply "made optional" for cisgender students.  Defendants have as a result

deprived Roe of therapy that was medically indicated – *i.e.*, group counseling – in accordance

with Roe's IEP.

i.      Upon information and belief, Defendants also deprived Roe of fully receiving

individual counseling, a form of therapy that was medically indicated for Roe in accordance with

Roe's IEP, on the same terms or conditions as similarly situated students who are cisgender.

More specifically, Complainants allege that Roe was not able to fully participate in individual

counseling from in or around August through October 2019; and received no individual

counseling from September 20, 2019 through October 1, 2019.

j.      Defendants' staff continued to repeatedly torment and misgender Roe by using

incorrect pronouns and Roe's dead name in order to refer to Roe, over both Doe and Roe's

objections, including in or around September and October 2019, which was malicious and

intentional.

24.     Defendants Herzon and McDonald are individually liable under the ADA and

Section 504.  See Datto v. Harrison, 664 F. Supp. 2d 472 (E.D. Pa. 2009).

25.     Defendants actually exacerbated Roe's gender dysphoria ("GD"), and caused Roe

severe regression and severe emotional distress, on account of Defendants' discriminatory and

harassing conduct.  Roe felt humiliated and worthless and began to self-harm again.

26.     However, Defendants had a duty and were required to do the exact *opposite* from

what they did in assisting Roe to overcome Roe's mental health challenges, rather than actually

exacerbating Roe's mental health condition on account of Defendants' discriminatory and

harassing conduct.  Defendants acted maliciously, intentionally, and/or recklessly as Defendants

know that bullying an LGBT person can lead to the person's suicide.

27.     Upon information and belief, the Defendant, Colonial Intermediate Unit 20,

continues to employ the services of Mr. Herzon as a licensed professional counselor despite the

conduct herein.  Defendants take no accountability for their bigotry, bias, and hate, and in

response Defendants claim Roe's condition is excluded from coverage as a disability as "transsexualism" is purportedly not a covered disability.

**WHEREFORE**, Plaintiff, Jane Doe, on behalf of Minor-Plaintiff, Roe, requests judgment be entered in Plaintiff's favor, and against Defendants, for an amount that will fully and fairly compensate Plaintiff for any and all compensatory damages for self-harm, suicide ideation, severe regression, severe emotional distress, pain and suffering, mental anguish, anxiety, depression, humiliation, and embarrassment; punitive damages; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring that Defendants adopt, post, and disseminate a non-discrimination and anti-harassment policy which provides that gender dysphoria ("GD") is a covered disability protected from discrimination and that reasonable accommodations will be provided for GD; requiring that Defendants adopt, post, and disseminate a clear and unequivocal Equal Access Policy stating that students will be treated consistent with their gender identity, in all respects, including with respect to their own health treatment, stating that students will be permitted to use gender-appropriate facilities, and stating that students will be referred to by preferred name and pronouns; equitable/injunctive relief requiring Defendants to adopt, post, and disseminate a non-discrimination and anti-harassment policy which extends to gender identity and gender expression; to adopt, post, and disseminate an anti-retaliation policy; to provide sensitivity training immediately and to be repeated every year thereafter; and for the hiring and provision of a gender therapist for Roe to provide individual and group counseling.

## COUNT II:
**HARASSMENT/HOSTILE ENVIRONMENT BASED ON DISABILITY IN VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITES ACT, AS AMENDED, 42 U.S.C § 12101, <u>et seq.</u>**
**(Plaintiff, Jane Doe, as Parent and Natural Guardian of Roe, a Minor v. Defendants, <u>Colonial Intermediate Unit 20, Bethlehem Area School District, Herzon, and McDonald</u>)**

28.     All of the foregoing paragraphs are hereby incorporated by reference as if the same were more fully set forth at length herein.

29.     Roe was subject to harassment and a hostile environment based on actual and/or perceived disability, which was severe or pervasive, to wit:

a.     Roe started counseling at Freedom High School, part of the Bethlehem Area School District, through Colonial Intermediate Unit 20, and beginning in or around April 2019, as soon as Roe started counseling, and continuing on a frequent basis thereafter including up until September and October 2019, the staff of Defendant, Colonial Intermediate Unit 20, repeatedly tormented and abused Roe by misgendering Roe using "she" and "her," which are not Roe's preferred pronouns, and by using Roe's legal female name, which is not Roe's preferred name.

b.     After being misgendered, Roe frequently rebuffed or corrected the misgendering by indicating that Roe's preferred pronouns were "they" and "them" as Roe identifies as non-binary, or words to that effect.  Roe also frequently rebuffed or corrected the use of Roe's legal female name by indicating Roe's preferred name.  However, even after Roe corrected Roe's name and pronouns, the tormenting and misgendering still did not stop, but instead continued unabated.

c.     On May 29, 2019, Roe was misgendered with Roe's female name, in written correspondence from Ms. Nicole Baker, Supervisor of Clinical Support and Interim Compliance Officer, addressed to Roe's parents.  However, Roe's female name is not Roe's preferred name, which Roe repeatedly made clear to Defendants by identifying Roe's preferred name.

d.     On September 20, 2019 – which was, incidentally, Minor-Plaintiff, Roe's, fifteenth birthday – during a "20-day meeting" where Roe and the lead Plaintiff, who is Roe's

14

mother, were both present, Defendant, Randy Alan Herzon, the counselor assigned to Roe for individual counseling pursuant to Roe's IEP, tormented and abused Roe by, among other things, repeatedly misgendering Roe with "she" and "her." Mr. Herzon further specifically stated that he would not use Roe's preferred pronouns because "it is against what I was taught learning the English language," and "I am from a generation that does not believe in these pronouns," or words to that effect. Mr. Herzon also stated to Doe and Roe, during the meeting, that Mr. Herzon believed, referring to Roe, that "she is making a choice which is against the norms of society," and "she is setting herself up for a difficult life," or words to that effect. Mr. Herzon further stated that Mr. Herzon "cannot control the pronouns other staff members use" when referring to Roe, and that instead the child simply "should not let what people say affect her," or words to that effect. Roe suffered severe emotional distress and began crying visibly during the meeting on their birthday. Roe has regressed by self-harming or mutilating including on the breast area, and has had thoughts of suicide.

e.     On September 20, 2019, following the meeting with Mr. Herzon, Mother-Plaintiff, Jane Doe, lodged a formal complaint via e-mail with Ms. Nicole Baker, Supervisor of Clinical Support and Interim Compliance Officer for Colonial Intermediate Unit 20; Mr. Kory Kutzler, Supervisor of Special Education for Colonial Intermediate Unit 20; and Ms. Nadine Rupp, a school counselor at Northampton Area High School.

f.     On September 23, 2019, Ms. Baker followed up with Doe, they had a discussion by phone, and Doe recollects that Ms. Baker attempted to explain to Doe that the conduct occurred because "the last time they had training was five (5) years ago online," or words to that effect. Upon information and belief, Defendants failed to adequately provide training in non-

discrimination and anti-harassment, and/or failed to adequately provide training in non-discrimination and anti-harassment which was fully LGBT-inclusive.

g.      On September 24, 2019, Doe followed up with another e-mail to Ms. Baker, Mr. Kutzler, and Ms. Rupp, requesting that Roe receive individual counseling moving forward from another therapist besides Mr. Herzon on account of Mr. Herzon's discriminatory conduct.

h.      On September 25, 2019, Mr. James McDonald, Director of Behavioral Health Services at Colonial Intermediate Unit 20, called Mother-Plaintiff, Jane Doe, by phone and explained that Colonial Intermediate Unit 20 could not provide a therapist to replace Mr. Herzon for group counseling, so group counseling will be optional for Roe moving forward, or words to that effect.  Social isolation is not an acceptable solution and constitutes discrimination.  Roe's IEP states that group counseling is indicated and necessary five (5) times per week, for sixty (60) minutes per session, on account of Roe's challenges.  By comparison, cisgender students are, upon information and belief, provided group counseling by Defendants without any issue, and such treatment is not simply "made optional" for cisgender students.  Defendants have as a result deprived Roe of therapy that was medically indicated – *i.e.*, group counseling – in accordance with Roe's IEP.

i.      Upon information and belief, Defendants also deprived Roe of fully receiving individual counseling, a form of therapy that was medically indicated for Roe in accordance with Roe's IEP, on the same terms or conditions as similarly situated students who are cisgender.  More specifically, Complainants allege that Roe was not able to fully participate in individual counseling from in or around August through October 2019; and received no individual counseling from September 20, 2019 through October 1, 2019.

j.      Defendants' staff continued to repeatedly torment and misgender Roe by using incorrect pronouns and Roe's dead name in order to refer to Roe, over both Doe and Roe's objections, including in or around September and October 2019, which was malicious and intentional.

**WHEREFORE**, Plaintiff, Jane Doe, on behalf of Minor-Plaintiff, Roe, requests judgment be entered in Plaintiff's favor, and against Defendants, for an amount that will fully and fairly compensate Plaintiff for any and all compensatory damages for self-harm, suicide ideation, severe regression, severe emotional distress, pain and suffering, mental anguish, anxiety, depression, humiliation, and embarrassment; punitive damages; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring that Defendants adopt, post, and disseminate a non-discrimination and anti-harassment policy which provides that gender dysphoria ("GD") is a covered disability protected from discrimination and that reasonable accommodations will be provided for GD; requiring that Defendants adopt, post, and disseminate a clear and unequivocal Equal Access Policy stating that students will be treated consistent with their gender identity, in all respects, including with respect to their own health treatment, stating that students will be permitted to use gender-appropriate facilities, and stating that students will be referred to by preferred name and pronouns; equitable/injunctive relief requiring Defendants to adopt, post, and disseminate a non-discrimination and anti-harassment policy which extends to gender identity and gender expression; to adopt, post, and disseminate an anti-retaliation policy; to provide sensitivity training immediately and to be repeated every year thereafter; and for the hiring and provision of a gender therapist for Roe to provide individual and group counseling.

## COUNT III:
## FAILURE-TO-ACCOMMODATE DISABILITY IN VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITES ACT, AS AMENDED, 42 U.S.C § 12101, et seq.
### (Plaintiff, Jane Doe, as Parent and Natural Guardian of Roe, a Minor v. Defendants, Colonial Intermediate Unit 20, Bethlehem Area School District, Herzon, and McDonald)

30.     All of the foregoing paragraphs are hereby incorporated by reference as if the same were more fully set forth at length herein.

31.     Roe has a covered disability to wit:

a.      Roe has an actual physical impairment in that Roe has a biological condition plausibly of physical origin due to brain neuroanatomy, and the formation of that brain neuroanatomy in the womb, which substantially limits the major life activities of interacting with others, social functioning, and reproducing.  Roe's condition has caused Roe to suffer, in the past, from anxiety, depression, and tics.

b.      Any exclusion from the law of members of the non-binary, transgender, or gender nonconforming community is unconstitutional as violating equal protection under the Due Process Clause of the Fifth Amendment to the United States Constitution.

c.      Alternatively, upon information and belief, Roe has an actual physical and/or mental impairment in the form of gender dysphoria ("GD"), defined as clinically significant distress associated with being non-binary, transgender, or gender nonconforming, which substantially limits the major life activities of interacting with others, social functioning, and reproducing.

32.     Defendants failed to accommodate Roe's actual disability to wit:

a.      Roe started counseling at Freedom High School, part of the Bethlehem Area School District, through Colonial Intermediate Unit 20, and beginning in or around April 2019, as soon as Roe started counseling, and continuing on a frequent basis thereafter including up

until September and October 2019, the staff of Defendant, Colonial Intermediate Unit 20,
repeatedly tormented and abused Roe by misgendering Roe using "she" and "her," which are not
Roe's preferred pronouns, and by using Roe's legal female name, which is not Roe's preferred
name.

b.       After being misgendered, Roe frequently rebuffed or corrected the misgendering
by indicating that Roe's preferred pronouns were "they" and "them" as Roe identifies as non-
binary, or words to that effect.  Roe also frequently rebuffed or corrected the use of Roe's legal
female name by indicating Roe's preferred name.  However, even after Roe corrected Roe's
name and pronouns, the tormenting and misgendering still did not stop, but instead continued
unabated.

c.       On May 29, 2019, Roe was misgendered with Roe's female name, in written
correspondence from Ms. Nicole Baker, Supervisor of Clinical Support and Interim Compliance
Officer, addressed to Roe's parents.  However, Roe's female name is not Roe's preferred name,
which Roe repeatedly made clear to Defendants by identifying Roe's preferred name.

d.       On September 20, 2019 – which was, incidentally, Minor-Plaintiff, Roe's,
fifteenth birthday – during a "20-day meeting" where Roe and the lead Plaintiff, who is Roe's
mother, were both present, Defendant, Randy Alan Herzon, the counselor assigned to Roe for
individual counseling pursuant to Roe's IEP, tormented and abused Roe by, among other things,
repeatedly misgendering Roe with "she" and "her."  Mr. Herzon further specifically stated that
he would not use Roe's preferred pronouns because "it is against what I was taught learning the
English language," and "I am from a generation that does not believe in these pronouns," or
words to that effect.  Mr. Herzon also stated to Doe and Roe, during the meeting, that Mr.
Herzon believed, referring to Roe, that "she is making a choice which is against the norms of

society," and "she is setting herself up for a difficult life," or words to that effect.  Mr. Herzon

further stated that Mr. Herzon "cannot control the pronouns other staff members use" when

referring to Roe, and that instead the child simply "should not let what people say affect her," or

words to that effect.  Roe suffered severe emotional distress and began crying visibly during the

meeting on their birthday.  Roe has regressed by self-harming or mutilating including on the

breast area, and has had thoughts of suicide.

      e.     On September 20, 2019, following the meeting with Mr. Herzon, Mother-

Plaintiff, Jane Doe, lodged a formal complaint via e-mail with Ms. Nicole Baker, Supervisor of

Clinical Support and Interim Compliance Officer for Colonial Intermediate Unit 20; Mr. Kory

Kutzler, Supervisor of Special Education for Colonial Intermediate Unit 20; and Ms. Nadine

Rupp, a school counselor at Northampton Area High School.

      f.     On September 23, 2019, Ms. Baker followed up with Doe, they had a discussion

by phone, and Doe recollects that Ms. Baker attempted to explain to Doe that the conduct

occurred because "the last time they had training was five (5) years ago online," or words to that

effect.  Upon information and belief, Defendants failed to adequately provide training in non-

discrimination and anti-harassment, and/or failed to adequately provide training in non-

discrimination and anti-harassment which was fully LGBT-inclusive.

      g.     On September 24, 2019, Doe followed up with another e-mail to Ms. Baker, Mr.

Kutzler, and Ms. Rupp, requesting that Roe receive individual counseling moving forward from

another therapist besides Mr. Herzon on account of Mr. Herzon's discriminatory conduct.

      h.     On September 25, 2019, Mr. James McDonald, Director of Behavioral Health

Services at Colonial Intermediate Unit 20, called Mother-Plaintiff, Jane Doe, by phone and

explained that Colonial Intermediate Unit 20 could not provide a therapist to replace Mr. Herzon

for group counseling, so group counseling will be optional for Roe moving forward, or words to that effect.  Social isolation is not an acceptable solution and constitutes discrimination.  Roe's IEP states that group counseling is indicated and necessary five (5) times per week, for sixty (60) minutes per session, on account of Roe's challenges.  By comparison, cisgender students are, upon information and belief, provided group counseling by Defendants without any issue, and such treatment is not simply "made optional" for cisgender students.  Defendants have as a result deprived Roe of therapy that was medically indicated – *i.e.*, group counseling – in accordance with Roe's IEP.

i.       Upon information and belief, Defendants also deprived Roe of fully receiving individual counseling, a form of therapy that was medically indicated for Roe in accordance with Roe's IEP, on the same terms or conditions as similarly situated students who are cisgender.  More specifically, Complainants allege that Roe was not able to fully participate in individual counseling from in or around August through October 2019; and received no individual counseling from September 20, 2019 through October 1, 2019.

j.       Defendants' staff continued to repeatedly torment and misgender Roe by using incorrect pronouns and Roe's dead name in order to refer to Roe, over both Doe and Roe's objections, including in or around September and October 2019, which was malicious and intentional.

**WHEREFORE**, Plaintiff, Jane Doe, on behalf of Minor-Plaintiff, Roe, requests judgment be entered in Plaintiff's favor, and against Defendants, for an amount that will fully and fairly compensate Plaintiff for any and all compensatory damages for self-harm, suicide ideation, severe regression, severe emotional distress, pain and suffering, mental anguish, anxiety, depression, humiliation, and embarrassment; punitive damages; pre- and post-judgment

interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring that

Defendants adopt, post, and disseminate a non-discrimination and anti-harassment policy which

provides that gender dysphoria ("GD") is a covered disability protected from discrimination and

that reasonable accommodations will be provided for GD; requiring that Defendants adopt, post,

and disseminate a clear and unequivocal Equal Access Policy stating that students will be treated

consistent with their gender identity, in all respects, including with respect to their own health

treatment, stating that students will be permitted to use gender-appropriate facilities, and stating

that students will be referred to by preferred name and pronouns; equitable/injunctive relief

requiring Defendants to adopt, post, and disseminate a non-discrimination and anti-harassment

policy which extends to gender identity and gender expression; to adopt, post, and disseminate

an anti-retaliation policy; to provide sensitivity training immediately and to be repeated every

year thereafter; and for the hiring and provision of a gender therapist for Roe to provide

individual and group counseling.

**COUNT IV:**
**RETALIATION IN VIOLATION OF TITLE II OF THE AMERICANS WITH**
**DISABILITES ACT, AS AMENDED, 42 U.S.C § 12101, et seq.**
**(Plaintiff, Jane Doe, as Parent and Natural Guardian of Roe, a Minor v. Defendants,**
**Colonial Intermediate Unit 20, Bethlehem Area School District, Herzon, and McDonald)**

33.    All of the foregoing paragraphs are hereby incorporated by reference as if the

same were more fully set forth at length herein.

34.    Defendants retaliated against Plaintiff Roe for Roe's requests for reasonable

accommodations under the Act including to be treated consistent with their gender identity in the

form of name and pronouns.  More specifically, Defendants retaliated against Roe for this

protected conduct or activity to wit:

35.     After being misgendered, Roe frequently rebuffed or corrected the misgendering by indicating that Roe's preferred pronouns were "they" and "them" as Roe identifies as non-binary, or words to that effect.  Roe also frequently rebuffed or corrected the use of Roe's legal female name by indicating Roe's preferred name.  However, even after Roe corrected Roe's name and pronouns, the tormenting and misgendering still did not stop, but instead continued unabated.

36.     On May 29, 2019, Roe was misgendered with Roe's female name, in written correspondence from Ms. Nicole Baker, Supervisor of Clinical Support and Interim Compliance Officer, addressed to Roe's parents.  However, Roe's female name is not Roe's preferred name, which Roe repeatedly made clear to Defendants by identifying Roe's preferred name.

37.     On September 20, 2019 – which was, incidentally, Minor-Plaintiff, Roe's, fifteenth birthday – during a "20-day meeting" where Roe and the lead Plaintiff, who is Roe's mother, were both present, Defendant, Randy Alan Herzon, the counselor assigned to Roe for individual counseling pursuant to Roe's IEP, tormented and abused Roe by, among other things, repeatedly misgendering Roe with "she" and "her."  Mr. Herzon further specifically stated that he would not use Roe's preferred pronouns because "it is against what I was taught learning the English language," and "I am from a generation that does not believe in these pronouns," or words to that effect.  Mr. Herzon also stated to Doe and Roe, during the meeting, that Mr. Herzon believed, referring to Roe, that "she is making a choice which is against the norms of society," and "she is setting herself up for a difficult life," or words to that effect.  Mr. Herzon further stated that Mr. Herzon "cannot control the pronouns other staff members use" when referring to Roe, and that instead the child simply "should not let what people say affect her," or words to that effect.  Roe suffered severe emotional distress and began crying visibly during the

23

meeting on their birthday.  Roe has regressed by self-harming or mutilating including on the breast area, and has had thoughts of suicide.

38.      On September 20, 2019, following the meeting with Mr. Herzon, Mother-Plaintiff, Jane Doe, lodged a formal complaint via e-mail with Ms. Nicole Baker, Supervisor of Clinical Support and Interim Compliance Officer for Colonial Intermediate Unit 20; Mr. Kory Kutzler, Supervisor of Special Education for Colonial Intermediate Unit 20; and Ms. Nadine Rupp, a school counselor at Northampton Area High School.

39.      On September 23, 2019, Ms. Baker followed up with Doe, they had a discussion by phone, and Doe recollects that Ms. Baker attempted to explain to Doe that the conduct occurred because "the last time they had training was five (5) years ago online," or words to that effect.  Upon information and belief, Defendants failed to adequately provide training in non-discrimination and anti-harassment, and/or failed to adequately provide training in non-discrimination and anti-harassment which was fully LGBT-inclusive.

40.      On September 24, 2019, Doe followed up with another e-mail to Ms. Baker, Mr. Kutzler, and Ms. Rupp, requesting that Roe receive individual counseling moving forward from another therapist besides Mr. Herzon on account of Mr. Herzon's discriminatory conduct.

41.      On September 25, 2019, Mr. James McDonald, Director of Behavioral Health Services at Colonial Intermediate Unit 20, called Mother-Plaintiff, Jane Doe, by phone and explained that Colonial Intermediate Unit 20 could not provide a therapist to replace Mr. Herzon for group counseling, so group counseling will be optional for Roe moving forward, or words to that effect.  Social isolation is not an acceptable solution and constitutes discrimination.  Roe's IEP states that group counseling is indicated and necessary five (5) times per week, for sixty (60) minutes per session, on account of Roe's challenges.  By comparison, cisgender students are,

upon information and belief, provided group counseling by Defendants without any issue, and such treatment is not simply "made optional" for cisgender students. Defendants have as a result deprived Roe of therapy that was medically indicated – *i.e.*, group counseling – in accordance with Roe's IEP.

42.     Upon information and belief, Defendants also deprived Roe of fully receiving individual counseling, a form of therapy that was medically indicated for Roe in accordance with Roe's IEP, on the same terms or conditions as similarly situated students who are cisgender. More specifically, Complainants allege that Roe was not able to fully participate in individual counseling from in or around August through October 2019; and received no individual counseling from September 20, 2019 through October 1, 2019.

43.     Defendants' staff continued to repeatedly torment and misgender Roe by using incorrect pronouns and Roe's dead name in order to refer to Roe, over both Doe and Roe's objections, including in or around September and October 2019, which was malicious and intentional.

44.     Defendants Herzon and McDonald are individually liable under the ADA and Section 504. See Datto v. Harrison, 664 F. Supp. 2d 472 (E.D. Pa. 2009).

**WHEREFORE**, Plaintiff, Jane Doe, on behalf of Minor-Plaintiff, Roe, requests judgment be entered in Plaintiff's favor, and against Defendants, for an amount that will fully and fairly compensate Plaintiff for any and all compensatory damages for self-harm, suicide ideation, severe regression, severe emotional distress, pain and suffering, mental anguish, anxiety, depression, humiliation, and embarrassment; punitive damages; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring that Defendants adopt, post, and disseminate a non-discrimination and anti-harassment policy which

provides that gender dysphoria ("GD") is a covered disability protected from discrimination and that reasonable accommodations will be provided for GD; requiring that Defendants adopt, post, and disseminate a clear and unequivocal Equal Access Policy stating that students will be treated consistent with their gender identity, in all respects, including with respect to their own health treatment, stating that students will be permitted to use gender-appropriate facilities, and stating that students will be referred to by preferred name and pronouns; equitable/injunctive relief requiring Defendants to adopt, post, and disseminate a non-discrimination and anti-harassment policy which extends to gender identity and gender expression; to adopt, post, and disseminate an anti-retaliation policy; to provide sensitivity training immediately and to be repeated every year thereafter; and for the hiring and provision of a gender therapist for Roe to provide individual and group counseling.

### COUNT V:
### DISPARATE TREATMENT/DISCRIMINATION IN VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973, 29 U.S.C. § 794
### (Plaintiff, Jane Doe, as Parent and Natural Guardian of Roe, a Minor v. Defendants, Colonial Intermediate Unit 20, Bethlehem Area School District, Herzon, and McDonald)

45.     All of the foregoing paragraphs are hereby incorporated by reference as if the same were more fully set forth at length herein.

46.     Upon information and belief, at all times relevant hereto, Defendant, Colonial Intermediate Unit 20, received Federal financial assistance in the form of, upon information and belief, *inter alia*, Title I funds, funds for improving educational services, data governance, for Keystone exams, and other educational services.

47.     Upon information and belief, Defendants, Bethlehem Area School District and Freedom High School, received Federal financial assistance for its education programs and activities including, *inter alia*, for its special education programs and activities.

48.     Roe is covered under Section 504 of the Rehabilitation Act, to wit:

a.     Roe has an actual physical impairment in that Roe has a biological condition plausibly of physical origin due to brain neuroanatomy, and the formation of that brain neuroanatomy in the womb, which substantially limits the major life activities of interacting with others, social functioning, and reproducing.  Roe's condition has caused Roe to suffer, in the past, from anxiety, depression, and tics.

b.     Roe has a record of a disability in the form of a biological condition plausibly of physical origin when Roe's brain neuroanatomy was formed in the womb before birth resulting in Roe's anatomical sex not corresponding with Roe's gender identity.

c.     Roe was perceived or regarded by Defendants as disabled in that Defendants stereotyped Roe as having a mental impairment, mental infirmity, and/or not being able to properly think.  However, being non-binary, transgender, or gender nonconforming is *not* a mental disorder.

d.     Any exclusion from the law of members of the non-binary, transgender, or gender nonconforming community is unconstitutional as violating equal protection under the Due Process Clause of the Fifth Amendment to the United States Constitution.

e.     Alternatively, upon information and belief, Roe has an actual physical and/or mental impairment in the form of gender dysphoria ("GD"), defined as clinically significant distress associated with being non-binary, transgender, or gender nonconforming, which substantially limits the major life activities of interacting with others, social functioning, and reproducing.

49.     Roe suffered disparate treatment and discrimination from the Defendants based on Roe's actual and/or perceived disability, to wit:

a.      Roe started counseling at Freedom High School, part of the Bethlehem Area School District, through Colonial Intermediate Unit 20, and beginning in or around April 2019, as soon as Roe started counseling, and continuing on a frequent basis thereafter including up until September and October 2019, the staff of Defendant, Colonial Intermediate Unit 20, repeatedly tormented and abused Roe by misgendering Roe using "she" and "her," which are not Roe's preferred pronouns, and by using Roe's legal female name, which is not Roe's preferred name.

b.      After being misgendered, Roe frequently rebuffed or corrected the misgendering by indicating that Roe's preferred pronouns were "they" and "them" as Roe identifies as non-binary, or words to that effect.  Roe also frequently rebuffed or corrected the use of Roe's legal female name by indicating Roe's preferred name.  However, even after Roe corrected Roe's name and pronouns, the tormenting and misgendering still did not stop, but instead continued unabated.

c.      On May 29, 2019, Roe was misgendered with Roe's female name, in written correspondence from Ms. Nicole Baker, Supervisor of Clinical Support and Interim Compliance Officer, addressed to Roe's parents.  However, Roe's female name is not Roe's preferred name, which Roe repeatedly made clear to Defendants by identifying Roe's preferred name.

d.      On September 20, 2019 – which was, incidentally, Minor-Plaintiff, Roe's, fifteenth birthday – during a "20-day meeting" where Roe and the lead Plaintiff, who is Roe's mother, were both present, Defendant, Randy Alan Herzon, the counselor assigned to Roe for individual counseling pursuant to Roe's IEP, tormented and abused Roe by, among other things, repeatedly misgendering Roe with "she" and "her."  Mr. Herzon further specifically stated that he would not use Roe's preferred pronouns because "it is against what I was taught learning the

English language," and "I am from a generation that does not believe in these pronouns," or words to that effect. Mr. Herzon also stated to Doe and Roe, during the meeting, that Mr. Herzon believed, referring to Roe, that "she is making a choice which is against the norms of society," and "she is setting herself up for a difficult life," or words to that effect. Mr. Herzon further stated that Mr. Herzon "cannot control the pronouns other staff members use" when referring to Roe, and that instead the child simply "should not let what people say affect her," or words to that effect. Roe suffered severe emotional distress and began crying visibly during the meeting on their birthday. Roe has regressed by self-harming or mutilating including on the breast area, and has had thoughts of suicide.

e.      On September 20, 2019, following the meeting with Mr. Herzon, Mother-Plaintiff, Jane Doe, lodged a formal complaint via e-mail with Ms. Nicole Baker, Supervisor of Clinical Support and Interim Compliance Officer for Colonial Intermediate Unit 20; Mr. Kory Kutzler, Supervisor of Special Education for Colonial Intermediate Unit 20; and Ms. Nadine Rupp, a school counselor at Northampton Area High School.

f.      On September 23, 2019, Ms. Baker followed up with Doe, they had a discussion by phone, and Doe recollects that Ms. Baker attempted to explain to Doe that the conduct occurred because "the last time they had training was five (5) years ago online," or words to that effect. Upon information and belief, Defendants failed to adequately provide training in non-discrimination and anti-harassment, and/or failed to adequately provide training in non-discrimination and anti-harassment which was fully LGBT-inclusive.

g.      On September 24, 2019, Doe followed up with another e-mail to Ms. Baker, Mr. Kutzler, and Ms. Rupp, requesting that Roe receive individual counseling moving forward from another therapist besides Mr. Herzon on account of Mr. Herzon's discriminatory conduct.

h.      On September 25, 2019, Mr. James McDonald, Director of Behavioral Health
Services at Colonial Intermediate Unit 20, called Mother-Plaintiff, Jane Doe, by phone and
explained that Colonial Intermediate Unit 20 could not provide a therapist to replace Mr. Herzon
for group counseling, so group counseling will be optional for Roe moving forward, or words to
that effect.  Social isolation is not an acceptable solution and constitutes discrimination.  Roe's
IEP states that group counseling is indicated and necessary five (5) times per week, for sixty (60)
minutes per session, on account of Roe's challenges.  By comparison, cisgender students are,
upon information and belief, provided group counseling by Defendants without any issue, and
such treatment is not simply "made optional" for cisgender students.  Defendants have as a result
deprived Roe of therapy that was medically indicated – *i.e.*, group counseling – in accordance
with Roe's IEP.

i.      Upon information and belief, Defendants also deprived Roe of fully receiving
individual counseling, a form of therapy that was medically indicated for Roe in accordance with
Roe's IEP, on the same terms or conditions as similarly situated students who are cisgender.
More specifically, Complainants allege that Roe was not able to fully participate in individual
counseling from in or around August through October 2019; and received no individual
counseling from September 20, 2019 through October 1, 2019.

j.      Defendants' staff continued to repeatedly torment and misgender Roe by using
incorrect pronouns and Roe's dead name in order to refer to Roe, over both Doe and Roe's
objections, including in or around September and October 2019, which was malicious and
intentional.

50.     Defendants Herzon and McDonald are individually liable under the ADA and
Section 504.  See Datto v. Harrison, 664 F. Supp. 2d 472 (E.D. Pa. 2009).

**WHEREFORE**, Plaintiff, Jane Doe, on behalf of Minor-Plaintiff, Roe, requests judgment be entered in Plaintiff's favor, and against Defendants, for an amount that will fully and fairly compensate Plaintiff for any and all compensatory damages for self-harm, suicide ideation, severe regression, severe emotional distress, pain and suffering, mental anguish, anxiety, depression, humiliation, and embarrassment; punitive damages; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring that Defendants adopt, post, and disseminate a non-discrimination and anti-harassment policy which provides that gender dysphoria ("GD") is a covered disability protected from discrimination and that reasonable accommodations will be provided for GD; requiring that Defendants adopt, post, and disseminate a clear and unequivocal Equal Access Policy stating that students will be treated consistent with their gender identity, in all respects, including with respect to their own health treatment, stating that students will be permitted to use gender-appropriate facilities, and stating that students will be referred to by preferred name and pronouns; equitable/injunctive relief requiring Defendants to adopt, post, and disseminate a non-discrimination and anti-harassment policy which extends to gender identity and gender expression; to adopt, post, and disseminate an anti-retaliation policy; to provide sensitivity training immediately and to be repeated every year thereafter; and for the hiring and provision of a gender therapist for Roe to provide individual and group counseling.

**COUNT VI:**
**HARASSMENT/HOSTILE ENVIRONMENT IN VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973, 29 U.S.C. § 794**
**(Plaintiff, Jane Doe, as Parent and Natural Guardian of Roe, a Minor v. Defendants, Colonial Intermediate Unit 20, Bethlehem Area School District, Herzon, and McDonald)**

51.     All of the foregoing paragraphs are hereby incorporated by reference as if the same were more fully set forth at length herein.

52.     Doe was subject to harassment or a hostile environment based on actual and/or perceived disability, to wit:

a.     Roe started counseling at Freedom High School, part of the Bethlehem Area School District, through Colonial Intermediate Unit 20, and beginning in or around April 2019, as soon as Roe started counseling, and continuing on a frequent basis thereafter including up until September and October 2019, the staff of Defendant, Colonial Intermediate Unit 20, repeatedly tormented and abused Roe by misgendering Roe using "she" and "her," which are not Roe's preferred pronouns, and by using Roe's legal female name, which is not Roe's preferred name.

b.     After being misgendered, Roe frequently rebuffed or corrected the misgendering by indicating that Roe's preferred pronouns were "they" and "them" as Roe identifies as non-binary, or words to that effect.  Roe also frequently rebuffed or corrected the use of Roe's legal female name by indicating Roe's preferred name.  However, even after Roe corrected Roe's name and pronouns, the tormenting and misgendering still did not stop, but instead continued unabated.

c.     On May 29, 2019, Roe was misgendered with Roe's female name, in written correspondence from Ms. Nicole Baker, Supervisor of Clinical Support and Interim Compliance Officer, addressed to Roe's parents.  However, Roe's female name is not Roe's preferred name, which Roe repeatedly made clear to Defendants by identifying Roe's preferred name.

d.     On September 20, 2019 – which was, incidentally, Minor-Plaintiff, Roe's, fifteenth birthday – during a "20-day meeting" where Roe and the lead Plaintiff, who is Roe's mother, were both present, Defendant, Randy Alan Herzon, the counselor assigned to Roe for individual counseling pursuant to Roe's IEP, tormented and abused Roe by, among other things,

32

repeatedly misgendering Roe with "she" and "her." Mr. Herzon further specifically stated that he would not use Roe's preferred pronouns because "it is against what I was taught learning the English language," and "I am from a generation that does not believe in these pronouns," or words to that effect. Mr. Herzon also stated to Doe and Roe, during the meeting, that Mr. Herzon believed, referring to Roe, that "she is making a choice which is against the norms of society," and "she is setting herself up for a difficult life," or words to that effect. Mr. Herzon further stated that Mr. Herzon "cannot control the pronouns other staff members use" when referring to Roe, and that instead the child simply "should not let what people say affect her," or words to that effect. Roe suffered severe emotional distress and began crying visibly during the meeting on their birthday. Roe has regressed by self-harming or mutilating including on the breast area, and has had thoughts of suicide.

e.     On September 20, 2019, following the meeting with Mr. Herzon, Mother-Plaintiff, Jane Doe, lodged a formal complaint via e-mail with Ms. Nicole Baker, Supervisor of Clinical Support and Interim Compliance Officer for Colonial Intermediate Unit 20; Mr. Kory Kutzler, Supervisor of Special Education for Colonial Intermediate Unit 20; and Ms. Nadine Rupp, a school counselor at Northampton Area High School.

f.     On September 23, 2019, Ms. Baker followed up with Doe, they had a discussion by phone, and Doe recollects that Ms. Baker attempted to explain to Doe that the conduct occurred because "the last time they had training was five (5) years ago online," or words to that effect. Upon information and belief, Defendants failed to adequately provide training in non-discrimination and anti-harassment, and/or failed to adequately provide training in non-discrimination and anti-harassment which was fully LGBT-inclusive.

g.      On September 24, 2019, Doe followed up with another e-mail to Ms. Baker, Mr.

Kutzler, and Ms. Rupp, requesting that Roe receive individual counseling moving forward from

another therapist besides Mr. Herzon on account of Mr. Herzon's discriminatory conduct.

h.      On September 25, 2019, Mr. James McDonald, Director of Behavioral Health

Services at Colonial Intermediate Unit 20, called Mother-Plaintiff, Jane Doe, by phone and

explained that Colonial Intermediate Unit 20 could not provide a therapist to replace Mr. Herzon

for group counseling, so group counseling will be optional for Roe moving forward, or words to

that effect.  Social isolation is not an acceptable solution and constitutes discrimination.  Roe's

IEP states that group counseling is indicated and necessary five (5) times per week, for sixty (60)

minutes per session, on account of Roe's challenges.  By comparison, cisgender students are,

upon information and belief, provided group counseling by Defendants without any issue, and

such treatment is not simply "made optional" for cisgender students.  Defendants have as a result

deprived Roe of therapy that was medically indicated – *i.e.*, group counseling – in accordance

with Roe's IEP.

i.      Upon information and belief, Defendants also deprived Roe of fully receiving

individual counseling, a form of therapy that was medically indicated for Roe in accordance with

Roe's IEP, on the same terms or conditions as similarly situated students who are cisgender.

More specifically, Complainants allege that Roe was not able to fully participate in individual

counseling from in or around August through October 2019; and received no individual

counseling from September 20, 2019 through October 1, 2019.

j.      Defendants' staff continued to repeatedly torment and misgender Roe by using

incorrect pronouns and Roe's dead name in order to refer to Roe, over both Doe and Roe's

objections, including in or around September and October 2019, which was malicious and intentional.

**WHEREFORE**, Plaintiff, Jane Doe, on behalf of Minor-Plaintiff, Roe, requests judgment be entered in Plaintiff's favor, and against Defendants, for an amount that will fully and fairly compensate Plaintiff for any and all compensatory damages for self-harm, suicide ideation, severe regression, severe emotional distress, pain and suffering, mental anguish, anxiety, depression, humiliation, and embarrassment; punitive damages; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring that Defendants adopt, post, and disseminate a non-discrimination and anti-harassment policy which provides that gender dysphoria ("GD") is a covered disability protected from discrimination and that reasonable accommodations will be provided for GD; requiring that Defendants adopt, post, and disseminate a clear and unequivocal Equal Access Policy stating that students will be treated consistent with their gender identity, in all respects, including with respect to their own health treatment, stating that students will be permitted to use gender-appropriate facilities, and stating that students will be referred to by preferred name and pronouns; equitable/injunctive relief requiring Defendants to adopt, post, and disseminate a non-discrimination and anti-harassment policy which extends to gender identity and gender expression; to adopt, post, and disseminate an anti-retaliation policy; to provide sensitivity training immediately and to be repeated every year thereafter; and for the hiring and provision of a gender therapist for Roe to provide individual and group counseling.

**COUNT VII:**
**FAILURE-TO-ACCOMMODATE DISABILITY IN VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973, 29 U.S.C. § 794**
**(Plaintiff, Jane Doe, as Parent and Natural Guardian of Roe, a Minor v. Defendants, Colonial Intermediate Unit 20, Bethlehem Area School District, Herzon, and McDonald)**

53.     All of the foregoing paragraphs are hereby incorporated by reference as if the same were more fully set forth at length herein.

54.     Roe has a covered disability to wit:

a.      Roe has an actual physical impairment in that Roe has a biological condition plausibly of physical origin due to brain neuroanatomy, and the formation of that brain neuroanatomy in the womb, which substantially limits the major life activities of interacting with others, social functioning, and reproducing.  Roe's condition has caused Roe to suffer, in the past, from anxiety, depression, and tics.

b.      Any exclusion from the law of members of the non-binary, transgender, or gender nonconforming community is unconstitutional as violating equal protection under the Due Process Clause of the Fifth Amendment to the United States Constitution.

c.      Alternatively, upon information and belief, Roe has an actual physical and/or mental impairment in the form of gender dysphoria ("GD"), defined as clinically significant distress associated with being non-binary, transgender, or gender nonconforming, which substantially limits the major life activities of interacting with others, social functioning, and reproducing.

55.     Defendants failed to accommodate Roe's actual disability to wit:

a.      Roe started counseling at Freedom High School, part of the Bethlehem Area School District, through Colonial Intermediate Unit 20, and beginning in or around April 2019, as soon as Roe started counseling, and continuing on a frequent basis thereafter including up until September and October 2019, the staff of Defendant, Colonial Intermediate Unit 20, repeatedly tormented and abused Roe by misgendering Roe using "she" and "her," which are not

Roe's preferred pronouns, and by using Roe's legal female name, which is not Roe's preferred name.

b.  After being misgendered, Roe frequently rebuffed or corrected the misgendering by indicating that Roe's preferred pronouns were "they" and "them" as Roe identifies as non-binary, or words to that effect.  Roe also frequently rebuffed or corrected the use of Roe's legal female name by indicating Roe's preferred name.  However, even after Roe corrected Roe's name and pronouns, the tormenting and misgendering still did not stop, but instead continued unabated.

c.  On May 29, 2019, Roe was misgendered with Roe's female name, in written correspondence from Ms. Nicole Baker, Supervisor of Clinical Support and Interim Compliance Officer, addressed to Roe's parents.  However, Roe's female name is not Roe's preferred name, which Roe repeatedly made clear to Defendants by identifying Roe's preferred name.

d.  On September 20, 2019 – which was, incidentally, Minor-Plaintiff, Roe's, fifteenth birthday – during a "20-day meeting" where Roe and the lead Plaintiff, who is Roe's mother, were both present, Defendant, Randy Alan Herzon, the counselor assigned to Roe for individual counseling pursuant to Roe's IEP, tormented and abused Roe by, among other things, repeatedly misgendering Roe with "she" and "her."  Mr. Herzon further specifically stated that he would not use Roe's preferred pronouns because "it is against what I was taught learning the English language," and "I am from a generation that does not believe in these pronouns," or words to that effect.  Mr. Herzon also stated to Doe and Roe, during the meeting, that Mr. Herzon believed, referring to Roe, that "she is making a choice which is against the norms of society," and "she is setting herself up for a difficult life," or words to that effect.  Mr. Herzon further stated that Mr. Herzon "cannot control the pronouns other staff members use" when

referring to Roe, and that instead the child simply "should not let what people say affect her," or words to that effect. Roe suffered severe emotional distress and began crying visibly during the meeting on their birthday. Roe has regressed by self-harming or mutilating including on the breast area, and has had thoughts of suicide.

e.      On September 20, 2019, following the meeting with Mr. Herzon, Mother-Plaintiff, Jane Doe, lodged a formal complaint via e-mail with Ms. Nicole Baker, Supervisor of Clinical Support and Interim Compliance Officer for Colonial Intermediate Unit 20; Mr. Kory Kutzler, Supervisor of Special Education for Colonial Intermediate Unit 20; and Ms. Nadine Rupp, a school counselor at Northampton Area High School.

f.      On September 23, 2019, Ms. Baker followed up with Doe, they had a discussion by phone, and Doe recollects that Ms. Baker attempted to explain to Doe that the conduct occurred because "the last time they had training was five (5) years ago online," or words to that effect. Upon information and belief, Defendants failed to adequately provide training in non-discrimination and anti-harassment, and/or failed to adequately provide training in non-discrimination and anti-harassment which was fully LGBT-inclusive.

g.      On September 24, 2019, Doe followed up with another e-mail to Ms. Baker, Mr. Kutzler, and Ms. Rupp, requesting that Roe receive individual counseling moving forward from another therapist besides Mr. Herzon on account of Mr. Herzon's discriminatory conduct.

h.      On September 25, 2019, Mr. James McDonald, Director of Behavioral Health Services at Colonial Intermediate Unit 20, called Mother-Plaintiff, Jane Doe, by phone and explained that Colonial Intermediate Unit 20 could not provide a therapist to replace Mr. Herzon for group counseling, so group counseling will be optional for Roe moving forward, or words to that effect. Social isolation is not an acceptable solution and constitutes discrimination. Roe's

IEP states that group counseling is indicated and necessary five (5) times per week, for sixty (60) minutes per session, on account of Roe's challenges. By comparison, cisgender students are, upon information and belief, provided group counseling by Defendants without any issue, and such treatment is not simply "made optional" for cisgender students. Defendants have as a result deprived Roe of therapy that was medically indicated – *i.e.*, group counseling – in accordance with Roe's IEP.

      i.      Upon information and belief, Defendants also deprived Roe of fully receiving individual counseling, a form of therapy that was medically indicated for Roe in accordance with Roe's IEP, on the same terms or conditions as similarly situated students who are cisgender. More specifically, Complainants allege that Roe was not able to fully participate in individual counseling from in or around August through October 2019; and received no individual counseling from September 20, 2019 through October 1, 2019.

      j.      Defendants' staff continued to repeatedly torment and misgender Roe by using incorrect pronouns and Roe's dead name in order to refer to Roe, over both Doe and Roe's objections, including in or around September and October 2019, which was malicious and intentional.

      **WHEREFORE**, Plaintiff, Jane Doe, on behalf of Minor-Plaintiff, Roe, requests judgment be entered in Plaintiff's favor, and against Defendants, for an amount that will fully and fairly compensate Plaintiff for any and all compensatory damages for self-harm, suicide ideation, severe regression, severe emotional distress, pain and suffering, mental anguish, anxiety, depression, humiliation, and embarrassment; punitive damages; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring that Defendants adopt, post, and disseminate a non-discrimination and anti-harassment policy which

provides that gender dysphoria ("GD") is a covered disability protected from discrimination and that reasonable accommodations will be provided for GD; requiring that Defendants adopt, post, and disseminate a clear and unequivocal Equal Access Policy stating that students will be treated consistent with their gender identity, in all respects, including with respect to their own health treatment, stating that students will be permitted to use gender-appropriate facilities, and stating that students will be referred to by preferred name and pronouns; equitable/injunctive relief requiring Defendants to adopt, post, and disseminate a non-discrimination and anti-harassment policy which extends to gender identity and gender expression; to adopt, post, and disseminate an anti-retaliation policy; to provide sensitivity training immediately and to be repeated every year thereafter; and for the hiring and provision of a gender therapist for Roe to provide individual and group counseling.

**COUNT VIII:**
**RETALIATION IN VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973, 29 U.S.C. § 794**
**(Plaintiff, Jane Doe, as Parent and Natural Guardian of Roe, a Minor v. Defendants, <u>Colonial Intermediate Unit 20, Bethlehem Area School District, Herzon, and McDonald</u>)**

56.     All of the foregoing paragraphs are hereby incorporated by reference as if the same were more fully set forth at length herein.

57.     Defendants retaliated against Plaintiff Roe for Roe's requests for reasonable accommodations under the Act including to be treated consistent with their gender identity in the form of name and pronouns.  More specifically, Defendants retaliated against Roe for this protected conduct or activity to wit:

58.     After being misgendered, Roe frequently rebuffed or corrected the misgendering by indicating that Roe's preferred pronouns were "they" and "them" as Roe identifies as non-binary, or words to that effect.  Roe also frequently rebuffed or corrected the use of Roe's legal

40

female name by indicating Roe's preferred name.  However, even after Roe corrected Roe's

name and pronouns, the tormenting and misgendering still did not stop, but instead continued

unabated.

59.     On May 29, 2019, Roe was misgendered with Roe's female name, in written

correspondence from Ms. Nicole Baker, Supervisor of Clinical Support and Interim Compliance

Officer, addressed to Roe's parents.  However, Roe's female name is not Roe's preferred name,

which Roe repeatedly made clear to Defendants by identifying Roe's preferred name.

60.     On September 20, 2019 – which was, incidentally, Minor-Plaintiff, Roe's,

fifteenth birthday – during a "20-day meeting" where Roe and the lead Plaintiff, who is Roe's

mother, were both present, Defendant, Randy Alan Herzon, the counselor assigned to Roe for

individual counseling pursuant to Roe's IEP, tormented and abused Roe by, among other things,

repeatedly misgendering Roe with "she" and "her."  Mr. Herzon further specifically stated that

he would not use Roe's preferred pronouns because "it is against what I was taught learning the

English language," and "I am from a generation that does not believe in these pronouns," or

words to that effect.  Mr. Herzon also stated to Doe and Roe, during the meeting, that Mr.

Herzon believed, referring to Roe, that "she is making a choice which is against the norms of

society," and "she is setting herself up for a difficult life," or words to that effect.  Mr. Herzon

further stated that Mr. Herzon "cannot control the pronouns other staff members use" when

referring to Roe, and that instead the child simply "should not let what people say affect her," or

words to that effect.  Roe suffered severe emotional distress and began crying visibly during the

meeting on their birthday.  Roe has regressed by self-harming or mutilating including on the

breast area, and has had thoughts of suicide.

61.     On September 20, 2019, following the meeting with Mr. Herzon, Mother-

Plaintiff, Jane Doe, lodged a formal complaint via e-mail with Ms. Nicole Baker, Supervisor of

Clinical Support and Interim Compliance Officer for Colonial Intermediate Unit 20; Mr. Kory

Kutzler, Supervisor of Special Education for Colonial Intermediate Unit 20; and Ms. Nadine

Rupp, a school counselor at Northampton Area High School.

62.     On September 23, 2019, Ms. Baker followed up with Doe, they had a discussion

by phone, and Doe recollects that Ms. Baker attempted to explain to Doe that the conduct

occurred because "the last time they had training was five (5) years ago online," or words to that

effect.  Upon information and belief, Defendants failed to adequately provide training in non-

discrimination and anti-harassment, and/or failed to adequately provide training in non-

discrimination and anti-harassment which was fully LGBT-inclusive.

63.     On September 24, 2019, Doe followed up with another e-mail to Ms. Baker, Mr.

Kutzler, and Ms. Rupp, requesting that Roe receive individual counseling moving forward from

another therapist besides Mr. Herzon on account of Mr. Herzon's discriminatory conduct.

64.     On September 25, 2019, Mr. James McDonald, Director of Behavioral Health

Services at Colonial Intermediate Unit 20, called Mother-Plaintiff, Jane Doe, by phone and

explained that Colonial Intermediate Unit 20 could not provide a therapist to replace Mr. Herzon

for group counseling, so group counseling will be optional for Roe moving forward, or words to

that effect.  Social isolation is not an acceptable solution and constitutes discrimination.  Roe's

IEP states that group counseling is indicated and necessary five (5) times per week, for sixty (60)

minutes per session, on account of Roe's challenges.  By comparison, cisgender students are,

upon information and belief, provided group counseling by Defendants without any issue, and

such treatment is not simply "made optional" for cisgender students.  Defendants have as a result

deprived Roe of therapy that was medically indicated – *i.e.*, group counseling – in accordance with Roe's IEP.

65.     Upon information and belief, Defendants also deprived Roe of fully receiving individual counseling, a form of therapy that was medically indicated for Roe in accordance with Roe's IEP, on the same terms or conditions as similarly situated students who are cisgender. More specifically, Complainants allege that Roe was not able to fully participate in individual counseling from in or around August through October 2019; and received no individual counseling from September 20, 2019 through October 1, 2019.

66.     Defendants' staff continued to repeatedly torment and misgender Roe by using incorrect pronouns and Roe's dead name in order to refer to Roe, over both Doe and Roe's objections, including in or around September and October 2019, which was malicious and intentional.

67.     Defendants Herzon and McDonald are individually liable under the ADA and Section 504.  See Datto v. Harrison, 664 F. Supp. 2d 472 (E.D. Pa. 2009).

**WHEREFORE**, Plaintiff, Jane Doe, on behalf of Minor-Plaintiff, Roe, requests judgment be entered in Plaintiff's favor, and against Defendants, for an amount that will fully and fairly compensate Plaintiff for any and all compensatory damages for self-harm, suicide ideation, severe regression, severe emotional distress, pain and suffering, mental anguish, anxiety, depression, humiliation, and embarrassment; punitive damages; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring that Defendants adopt, post, and disseminate a non-discrimination and anti-harassment policy which provides that gender dysphoria ("GD") is a covered disability protected from discrimination and that reasonable accommodations will be provided for GD; requiring that Defendants adopt, post,

and disseminate a clear and unequivocal Equal Access Policy stating that students will be treated consistent with their gender identity, in all respects, including with respect to their own health treatment, stating that students will be permitted to use gender-appropriate facilities, and stating that students will be referred to by preferred name and pronouns; equitable/injunctive relief requiring Defendants to adopt, post, and disseminate a non-discrimination and anti-harassment policy which extends to gender identity and gender expression; to adopt, post, and disseminate an anti-retaliation policy; to provide sensitivity training immediately and to be repeated every year thereafter; and for the hiring and provision of a gender therapist for Roe to provide individual and group counseling.

**COUNT IX:**
**42 U.S.C. § 1983 – DISPARATE TREATMENT/DISCRIMINATION, IN VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION**
**(Plaintiff, Jane Doe, as Parent and Natural Guardian of Roe, a Minor v. Defendants, Colonial Intermediate Unit 20, Bethlehem Area School District, Herzon, and McDonald)**

68.     All of the foregoing paragraphs are hereby incorporated by reference as if the same were more fully set forth at length herein.

69.     Roe was subject to disparate treatment or discrimination by the Defendants on account of Roe's gender identity/expression as non-binary; on account of sex/gender; and/or on account of actual and/or perceived disability as identified above, and which is hereby incorporated by reference as if the same were more fully set forth at length herein.  The facts which support this are as follows:

a.      Roe started counseling at Freedom High School, part of the Bethlehem Area School District, through Colonial Intermediate Unit 20, and beginning in or around April 2019, as soon as Roe started counseling, and continuing on a frequent basis thereafter including up until September and October 2019, the staff of Defendant, Colonial Intermediate Unit 20,

repeatedly tormented and abused Roe by misgendering Roe using "she" and "her," which are not

Roe's preferred pronouns, and by using Roe's legal female name, which is not Roe's preferred

name.

      b.      After being misgendered, Roe frequently rebuffed or corrected the misgendering

by indicating that Roe's preferred pronouns were "they" and "them" as Roe identifies as non-

binary, or words to that effect.  Roe also frequently rebuffed or corrected the use of Roe's legal

female name by indicating Roe's preferred name.  However, even after Roe corrected Roe's

name and pronouns, the tormenting and misgendering still did not stop, but instead continued

unabated.

      c.      On May 29, 2019, Roe was misgendered with Roe's female name, in written

correspondence from Ms. Nicole Baker, Supervisor of Clinical Support and Interim Compliance

Officer, addressed to Roe's parents.  However, Roe's female name is not Roe's preferred name,

which Roe repeatedly made clear to Defendants by identifying Roe's preferred name.

      d.      On September 20, 2019 – which was, incidentally, Minor-Plaintiff, Roe's,

fifteenth birthday – during a "20-day meeting" where Roe and the lead Plaintiff, who is Roe's

mother, were both present, Defendant, Randy Alan Herzon, the counselor assigned to Roe for

individual counseling pursuant to Roe's IEP, tormented and abused Roe by, among other things,

repeatedly misgendering Roe with "she" and "her."  Mr. Herzon further specifically stated that

he would not use Roe's preferred pronouns because "it is against what I was taught learning the

English language," and "I am from a generation that does not believe in these pronouns," or

words to that effect.  Mr. Herzon also stated to Doe and Roe, during the meeting, that Mr.

Herzon believed, referring to Roe, that "she is making a choice which is against the norms of

society," and "she is setting herself up for a difficult life," or words to that effect.  Mr. Herzon

further stated that Mr. Herzon "cannot control the pronouns other staff members use" when referring to Roe, and that instead the child simply "should not let what people say affect her," or words to that effect. Roe suffered severe emotional distress and began crying visibly during the meeting on their birthday. Roe has regressed by self-harming or mutilating including on the breast area, and has had thoughts of suicide.

e.      On September 20, 2019, following the meeting with Mr. Herzon, Mother-Plaintiff, Jane Doe, lodged a formal complaint via e-mail with Ms. Nicole Baker, Supervisor of Clinical Support and Interim Compliance Officer for Colonial Intermediate Unit 20; Mr. Kory Kutzler, Supervisor of Special Education for Colonial Intermediate Unit 20; and Ms. Nadine Rupp, a school counselor at Northampton Area High School.

f.      On September 23, 2019, Ms. Baker followed up with Doe, they had a discussion by phone, and Doe recollects that Ms. Baker attempted to explain to Doe that the conduct occurred because "the last time they had training was five (5) years ago online," or words to that effect. Upon information and belief, Defendants failed to adequately provide training in non-discrimination and anti-harassment, and/or failed to adequately provide training in non-discrimination and anti-harassment which was fully LGBT-inclusive.

g.      On September 24, 2019, Doe followed up with another e-mail to Ms. Baker, Mr. Kutzler, and Ms. Rupp, requesting that Roe receive individual counseling moving forward from another therapist besides Mr. Herzon on account of Mr. Herzon's discriminatory conduct.

h.      On September 25, 2019, Mr. James McDonald, Director of Behavioral Health Services at Colonial Intermediate Unit 20, called Mother-Plaintiff, Jane Doe, by phone and explained that Colonial Intermediate Unit 20 could not provide a therapist to replace Mr. Herzon for group counseling, so group counseling will be optional for Roe moving forward, or words to

that effect.  Social isolation is not an acceptable solution and constitutes discrimination.  Roe's

IEP states that group counseling is indicated and necessary five (5) times per week, for sixty (60)

minutes per session, on account of Roe's challenges.  By comparison, cisgender students are,

upon information and belief, provided group counseling by Defendants without any issue, and

such treatment is not simply "made optional" for cisgender students.  Defendants have as a result

deprived Roe of therapy that was medically indicated – *i.e.*, group counseling – in accordance

with Roe's IEP.

      i.     Upon information and belief, Defendants also deprived Roe of fully receiving

individual counseling, a form of therapy that was medically indicated for Roe in accordance with

Roe's IEP, on the same terms or conditions as similarly situated students who are cisgender.

More specifically, Complainants allege that Roe was not able to fully participate in individual

counseling from in or around August through October 2019; and received no individual

counseling from September 20, 2019 through October 1, 2019.

      j.     Defendants' staff continued to repeatedly torment and misgender Roe by using

incorrect pronouns and Roe's dead name in order to refer to Roe, over both Doe and Roe's

objections, including in or around September and October 2019, which was malicious and

intentional.

     70.     The Equal Protection Clause of the Fourteenth Amendment to the United States

Constitution prohibits states and state actors from discriminating against individuals based the

individual's gender identity; sex/gender; and/or actual or perceived disability.

     71.     Discrimination on the basis of gender identity is suspect and demands a

heightened level of constitutional scrutiny because:  Defendants' actions intentionally single out

an insulated minority group that has historically suffered discriminatory treatment, involves an

immutable trait because gender identity is central to a person's core identity, and involve a group

that has been relegated to a position of political powerlessness on the basis of stereotypes

regarding their status, and based on a characteristic that bears no relationship whatsoever to a

person's ability to meaningfully contribute to society.

72.     Discrimination on the basis of sex or gender demands a heightened level of

constitutional scrutiny.

73.     Defendants' discrimination was also on the basis of disability in violation of the

Equal Protection Clause of the Fourteenth Amendment, and for which there was no rational

basis.

74.     Doe seeks monetary damages including compensatory damages for severe

regression, severe emotional distress, pain and suffering, mental anguish, humiliation, and

embarrassment, from the Individual Defendants.

75.     Doe sues the Individual Defendants in their official capacities for equitable or

injunctive relief to require the Individual Defendants to adopt, post, and disseminate a clear and

unequivocal Equal Access Policy stating that students will be treated consistent with their gender

identity, in all respects, including with respect to their own health treatment, stating that students

will be permitted to use gender-appropriate facilities, and stating that students will be referred to

by preferred name and pronouns; equitable/injunctive relief requiring the Individual Defendants

to adopt, post, and disseminate a non-discrimination and anti-harassment policy which extends to

gender identity and gender expression; to adopt, post, and disseminate an anti-retaliation policy;

and to provide appropriate sensitivity training.

76.     Defendants had a policy, practice, or custom of discriminating against Roe and all others similarly situated in that Defendants treated members of the non-binary, transgender, or gender nonconforming community inconsistent with their gender identity or expression.

77.     Individual Defendant, James McDonald, had final decision-making authority at the Colonial Intermediate Unit 20 including, upon information and belief, regarding treating individuals consistent with their gender identity; with respect to adopting policies; and with respect to training staff on discrimination, harassment, and retaliation.

**WHEREFORE**, Plaintiff, Jane Doe, on behalf of Minor-Plaintiff, Roe, requests judgment be entered in Plaintiff's favor, and against the Defendants, Randy Alan Herzon and James McDonald, in their individual capacities, for an amount that will fully and fairly compensate Plaintiff for any and all compensatory damages for self-harm, suicide ideation, severe regression, severe emotional distress, pain and suffering, mental anguish, anxiety, depression, humiliation, and embarrassment; punitive damages; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring that Defendant, James McDonald, in his official capacity, adopt, post, and disseminate a non-discrimination and anti-harassment policy which provides that gender dysphoria ("GD") is a covered disability protected from discrimination and that reasonable accommodations will be provided for GD; a clear and unequivocal Equal Access Policy stating that students will be treated consistent with their gender identity, in all respects, including with respect to their own health treatment, stating that students will be permitted to use gender-appropriate facilities, and stating that students will be referred to by preferred name and pronouns; equitable/injunctive relief requiring the adoption, posting, and dissemination of a non-discrimination and anti-harassment policy which extends to gender identity and gender expression; the adoption, posting, and dissemination of an anti-

retaliation policy; to provide sensitivity training immediately and to be repeated every year

thereafter; and for the hiring and provision of a gender therapist for Roe to provide individual

and group counseling.

## COUNT X:
### 42 U.S.C. § 1983 – HARASSMENT/HOSTILE ENVIRONMENT, IN VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION
### (Plaintiff, Jane Doe, as Parent and Natural Guardian of Roe, a Minor v. Defendants, Colonial Intermediate Unit 20, Bethlehem Area School District, Herzon, and McDonald)

78.     All of the foregoing paragraphs are hereby incorporated by reference as if the

same were more fully set forth at length herein.

79.     Roe was subject to harassment or a hostile environment by the Defendants on

account of Roe's gender identity/expression as non-binary; on account of sex/gender; and/or on

account of actual and/or perceived disability as identified above, and which is hereby

incorporated by reference as if the same were more fully set forth at length herein.  The facts

which support this are as follows:

a.     Roe started counseling at Freedom High School, part of the Bethlehem Area

School District, through Colonial Intermediate Unit 20, and beginning in or around April 2019,

as soon as Roe started counseling, and continuing on a frequent basis thereafter including up

until September and October 2019, the staff of Defendant, Colonial Intermediate Unit 20,

repeatedly tormented and abused Roe by misgendering Roe using "she" and "her," which are not

Roe's preferred pronouns, and by using Roe's legal female name, which is not Roe's preferred

name.

b.     After being misgendered, Roe frequently rebuffed or corrected the misgendering

by indicating that Roe's preferred pronouns were "they" and "them" as Roe identifies as non-

binary, or words to that effect.  Roe also frequently rebuffed or corrected the use of Roe's legal

female name by indicating Roe's preferred name.  However, even after Roe corrected Roe's

name and pronouns, the tormenting and misgendering still did not stop, but instead continued

unabated.

      c.     On May 29, 2019, Roe was misgendered with Roe's female name, in written

correspondence from Ms. Nicole Baker, Supervisor of Clinical Support and Interim Compliance

Officer, addressed to Roe's parents.  However, Roe's female name is not Roe's preferred name,

which Roe repeatedly made clear to Defendants by identifying Roe's preferred name.

      d.     On September 20, 2019 – which was, incidentally, Minor-Plaintiff, Roe's,

fifteenth birthday – during a "20-day meeting" where Roe and the lead Plaintiff, who is Roe's

mother, were both present, Defendant, Randy Alan Herzon, the counselor assigned to Roe for

individual counseling pursuant to Roe's IEP, tormented and abused Roe by, among other things,

repeatedly misgendering Roe with "she" and "her."  Mr. Herzon further specifically stated that

he would not use Roe's preferred pronouns because "it is against what I was taught learning the

English language," and "I am from a generation that does not believe in these pronouns," or

words to that effect.  Mr. Herzon also stated to Doe and Roe, during the meeting, that Mr.

Herzon believed, referring to Roe, that "she is making a choice which is against the norms of

society," and "she is setting herself up for a difficult life," or words to that effect.  Mr. Herzon

further stated that Mr. Herzon "cannot control the pronouns other staff members use" when

referring to Roe, and that instead the child simply "should not let what people say affect her," or

words to that effect.  Roe suffered severe emotional distress and began crying visibly during the

meeting on their birthday.  Roe has regressed by self-harming or mutilating including on the

breast area, and has had thoughts of suicide.

e.       On September 20, 2019, following the meeting with Mr. Herzon, Mother-

Plaintiff, Jane Doe, lodged a formal complaint via e-mail with Ms. Nicole Baker, Supervisor of

Clinical Support and Interim Compliance Officer for Colonial Intermediate Unit 20; Mr. Kory

Kutzler, Supervisor of Special Education for Colonial Intermediate Unit 20; and Ms. Nadine

Rupp, a school counselor at Northampton Area High School.

f.       On September 23, 2019, Ms. Baker followed up with Doe, they had a discussion

by phone, and Doe recollects that Ms. Baker attempted to explain to Doe that the conduct

occurred because "the last time they had training was five (5) years ago online," or words to that

effect.  Upon information and belief, Defendants failed to adequately provide training in non-

discrimination and anti-harassment, and/or failed to adequately provide training in non-

discrimination and anti-harassment which was fully LGBT-inclusive.

g.       On September 24, 2019, Doe followed up with another e-mail to Ms. Baker, Mr.

Kutzler, and Ms. Rupp, requesting that Roe receive individual counseling moving forward from

another therapist besides Mr. Herzon on account of Mr. Herzon's discriminatory conduct.

h.       On September 25, 2019, Mr. James McDonald, Director of Behavioral Health

Services at Colonial Intermediate Unit 20, called Mother-Plaintiff, Jane Doe, by phone and

explained that Colonial Intermediate Unit 20 could not provide a therapist to replace Mr. Herzon

for group counseling, so group counseling will be optional for Roe moving forward, or words to

that effect.  Social isolation is not an acceptable solution and constitutes discrimination.  Roe's

IEP states that group counseling is indicated and necessary five (5) times per week, for sixty (60)

minutes per session, on account of Roe's challenges.  By comparison, cisgender students are,

upon information and belief, provided group counseling by Defendants without any issue, and

such treatment is not simply "made optional" for cisgender students.  Defendants have as a result

deprived Roe of therapy that was medically indicated – *i.e.*, group counseling – in accordance with Roe's IEP.

i.       Upon information and belief, Defendants also deprived Roe of fully receiving individual counseling, a form of therapy that was medically indicated for Roe in accordance with Roe's IEP, on the same terms or conditions as similarly situated students who are cisgender. More specifically, Complainants allege that Roe was not able to fully participate in individual counseling from in or around August through October 2019; and received no individual counseling from September 20, 2019 through October 1, 2019.

j.       Defendants' staff continued to repeatedly torment and misgender Roe by using incorrect pronouns and Roe's dead name in order to refer to Roe, over both Doe and Roe's objections, including in or around September and October 2019, which was malicious and intentional.

80.     The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution prohibits states and state actors from discriminating against individuals based the individual's gender identity; sex/gender; and/or actual or perceived disability.

81.     Discrimination on the basis of gender identity is suspect and demands a heightened level of constitutional scrutiny because:  Defendants' actions intentionally single out an insulated minority group that has historically suffered discriminatory treatment, involves an immutable trait because gender identity is central to a person's core identity, and involve a group that has been relegated to a position of political powerlessness on the basis of stereotypes regarding their status, and based on a characteristic that bears no relationship whatsoever to a person's ability to meaningfully contribute to society.

82.    Discrimination on the basis of sex or gender demands a heightened level of constitutional scrutiny.

83.    Defendants' discrimination was also on the basis of disability in violation of the Equal Protection Clause of the Fourteenth Amendment, and for which there was no rational basis.

84.    Doe seeks monetary damages including compensatory damages for severe regression, severe emotional distress, pain and suffering, mental anguish, humiliation, and embarrassment, from the Individual Defendants.

85.    Doe sues the Individual Defendants in their official capacities for equitable or injunctive relief to require the Individual Defendants to adopt, post, and disseminate a clear and unequivocal Equal Access Policy stating that students will be treated consistent with their gender identity, in all respects, including with respect to their own health treatment, stating that students will be permitted to use gender-appropriate facilities, and stating that students will be referred to by preferred name and pronouns; equitable/injunctive relief requiring the Individual Defendants to adopt, post, and disseminate a non-discrimination and anti-harassment policy which extends to gender identity and gender expression; to adopt, post, and disseminate an anti-retaliation policy; and to provide appropriate sensitivity training.

86.    Defendants had a policy, practice, or custom of harassing Roe and all others similarly situated in that Defendants treated members of the non-binary, transgender, or gender nonconforming community inconsistent with their gender identity or expression.

87.    Individual Defendant, James McDonald, had final decision-making authority at the Colonial Intermediate Unit 20 including, upon information and belief, regarding treating

individuals consistent with their gender identity; with respect to adopting policies; and with respect to training staff on discrimination, harassment, and retaliation.

**WHEREFORE**, Plaintiff, Jane Doe, on behalf of Minor-Plaintiff, Roe, requests judgment entered in Plaintiff's favor, and against the Defendants, Randy Alan Herzon and James McDonald, in their individual capacities, for an amount that will fully and fairly compensate Plaintiff for any and all compensatory damages for self-harm, suicide ideation, severe regression, severe emotional distress, pain and suffering, mental anguish, anxiety, depression, humiliation, and embarrassment; punitive damages; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring that Defendant, James McDonald, in his official capacity, adopt, post, and disseminate a non-discrimination and anti-harassment policy which provides that gender dysphoria ("GD") is a covered disability protected from discrimination and that reasonable accommodations will be provided for GD; a clear and unequivocal Equal Access Policy stating that students will be treated consistent with their gender identity, in all respects, including with respect to their own health treatment, stating that students will be permitted to use gender-appropriate facilities, and stating that students will be referred to by preferred name and pronouns; equitable/injunctive relief requiring the adoption, posting, and dissemination of a non-discrimination and anti-harassment policy which extends to gender identity and gender expression; the adoption, posting, and dissemination of an anti-retaliation policy; to provide sensitivity training immediately and to be repeated every year thereafter; and for the hiring and provision of a gender therapist for Roe to provide individual and group counseling.

## COUNT XI:
### DISPARATE TREATMENT/DISCRIMINATION BASED ON SEX/GENDER IN VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS OF 1972
(Plaintiff, Jane Doe, as Parent and Natural Guardian of Roe, a Minor v. Defendants, <u>Colonial Intermediate Unit 20 and Bethlehem Area School District</u>)

88.     All of the foregoing paragraphs are hereby incorporated by reference as if the same were more fully set forth at length herein.

89.     Upon information and belief, at all times relevant hereto, Defendant, Colonial Intermediate Unit 20, received Federal financial assistance in the form of, upon information and belief, *inter alia*, Title I funds, funds for improving educational services, data governance, for Keystone exams, and other educational services.

90.     Upon information and belief, Defendants, Bethlehem Area School District and Freedom High School, received Federal financial assistance for its education programs and activities including, *inter alia*, for its special education programs and activities.

91.     Roe was subjected to disparate treatment or discrimination on account of sex, gender, or gender stereotyping, by Defendants, in Defendants' educational programs and activities which received Federal financial assistance, in violation of Title IX of the Education Amendments of 1972, to wit:

a.     Roe started counseling at Freedom High School, part of the Bethlehem Area School District, through Colonial Intermediate Unit 20, and beginning in or around April 2019, as soon as Roe started counseling, and continuing on a frequent basis thereafter including up until September and October 2019, the staff of Defendant, Colonial Intermediate Unit 20, repeatedly tormented and abused Roe by misgendering Roe using "she" and "her," which are not Roe's preferred pronouns, and by using Roe's legal female name, which is not Roe's preferred name.

b.      After being misgendered, Roe frequently rebuffed or corrected the misgendering

by indicating that Roe's preferred pronouns were "they" and "them" as Roe identifies as non-

binary, or words to that effect.  Roe also frequently rebuffed or corrected the use of Roe's legal

female name by indicating Roe's preferred name.  However, even after Roe corrected Roe's

name and pronouns, the tormenting and misgendering still did not stop, but instead continued

unabated.

c.      On May 29, 2019, Roe was misgendered with Roe's female name, in written

correspondence from Ms. Nicole Baker, Supervisor of Clinical Support and Interim Compliance

Officer, addressed to Roe's parents.  However, Roe's female name is not Roe's preferred name,

which Roe repeatedly made clear to Defendants by identifying Roe's preferred name.

d.      On September 20, 2019 – which was, incidentally, Minor-Plaintiff, Roe's,

fifteenth birthday – during a "20-day meeting" where Roe and the lead Plaintiff, who is Roe's

mother, were both present, Defendant, Randy Alan Herzon, the counselor assigned to Roe for

individual counseling pursuant to Roe's IEP, tormented and abused Roe by, among other things,

repeatedly misgendering Roe with "she" and "her."  Mr. Herzon further specifically stated that

he would not use Roe's preferred pronouns because "it is against what I was taught learning the

English language," and "I am from a generation that does not believe in these pronouns," or

words to that effect.  Mr. Herzon also stated to Doe and Roe, during the meeting, that Mr.

Herzon believed, referring to Roe, that "she is making a choice which is against the norms of

society," and "she is setting herself up for a difficult life," or words to that effect.  Mr. Herzon

further stated that Mr. Herzon "cannot control the pronouns other staff members use" when

referring to Roe, and that instead the child simply "should not let what people say affect her," or

words to that effect.  Roe suffered severe emotional distress and began crying visibly during the

meeting on their birthday. Roe has regressed by self-harming or mutilating including on the breast area, and has had thoughts of suicide.

e.      On September 20, 2019, following the meeting with Mr. Herzon, Mother-Plaintiff, Jane Doe, lodged a formal complaint via e-mail with Ms. Nicole Baker, Supervisor of Clinical Support and Interim Compliance Officer for Colonial Intermediate Unit 20; Mr. Kory Kutzler, Supervisor of Special Education for Colonial Intermediate Unit 20; and Ms. Nadine Rupp, a school counselor at Northampton Area High School.

f.      On September 23, 2019, Ms. Baker followed up with Doe, they had a discussion by phone, and Doe recollects that Ms. Baker attempted to explain to Doe that the conduct occurred because "the last time they had training was five (5) years ago online," or words to that effect. Upon information and belief, Defendants failed to adequately provide training in non-discrimination and anti-harassment, and/or failed to adequately provide training in non-discrimination and anti-harassment which was fully LGBT-inclusive.

g.      On September 24, 2019, Doe followed up with another e-mail to Ms. Baker, Mr. Kutzler, and Ms. Rupp, requesting that Roe receive individual counseling moving forward from another therapist besides Mr. Herzon on account of Mr. Herzon's discriminatory conduct.

h.      On September 25, 2019, Mr. James McDonald, Director of Behavioral Health Services at Colonial Intermediate Unit 20, called Mother-Plaintiff, Jane Doe, by phone and explained that Colonial Intermediate Unit 20 could not provide a therapist to replace Mr. Herzon for group counseling, so group counseling will be optional for Roe moving forward, or words to that effect. Social isolation is not an acceptable solution and constitutes discrimination. Roe's IEP states that group counseling is indicated and necessary five (5) times per week, for sixty (60) minutes per session, on account of Roe's challenges. By comparison, cisgender students are,

upon information and belief, provided group counseling by Defendants without any issue, and such treatment is not simply "made optional" for cisgender students. Defendants have as a result deprived Roe of therapy that was medically indicated – *i.e.*, group counseling – in accordance with Roe's IEP.

      i.     Upon information and belief, Defendants also deprived Roe of fully receiving individual counseling, a form of therapy that was medically indicated for Roe in accordance with Roe's IEP, on the same terms or conditions as similarly situated students who are cisgender. More specifically, Complainants allege that Roe was not able to fully participate in individual counseling from in or around August through October 2019; and received no individual counseling from September 20, 2019 through October 1, 2019.

      j.     Defendants' staff continued to repeatedly torment and misgender Roe by using incorrect pronouns and Roe's dead name in order to refer to Roe, over both Doe and Roe's objections, including in or around September and October 2019, which was malicious and intentional.

      **WHEREFORE**, Plaintiff, Jane Doe, on behalf of Minor-Plaintiff, Roe, requests judgment be entered in Plaintiff's favor, and against Defendants, for an amount that will fully and fairly compensate Plaintiff for any and all compensatory damages for self-harm, suicide ideation, severe regression, severe emotional distress, pain and suffering, mental anguish, anxiety, depression, humiliation, and embarrassment; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring that Defendants adopt, post, and disseminate a clear and unequivocal Equal Access Policy stating that students will be treated consistent with their gender identity, in all respects, including with respect to their own health treatment, stating that students will be permitted to use gender-appropriate facilities, and

stating that students will be referred to by preferred name and pronouns; equitable/injunctive relief requiring Defendants to adopt, post, and disseminate a non-discrimination and anti-harassment policy which extends to gender identity and gender expression; to adopt, post, and disseminate an anti-retaliation policy; to provide sensitivity training immediately and to be repeated every year thereafter; and for the hiring and provision of a gender therapist for Roe to provide individual and group counseling.

**COUNT XII:**
**HARASSMENT/HOSTILE ENVIRONMENT BASED ON SEX/GENDER IN VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS OF 1972 (Plaintiff, Jane Doe, as Parent and Natural Guardian of Roe, a Minor v. Defendants, Colonial Intermediate Unit 20 and Bethlehem Area School District)**

92.     All of the foregoing paragraphs are hereby incorporated by reference as if the same were more fully set forth at length herein.

93.     Roe was subjected to harassment or a hostile environment on account of sex, gender, or gender stereotyping, by Defendants, in Defendants' educational programs and activities which received Federal financial assistance, in violation of Title IX of the Education Amendments of 1972, to wit:

a.     Roe started counseling at Freedom High School, part of the Bethlehem Area School District, through Colonial Intermediate Unit 20, and beginning in or around April 2019, as soon as Roe started counseling, and continuing on a frequent basis thereafter including up until September and October 2019, the staff of Defendant, Colonial Intermediate Unit 20, repeatedly tormented and abused Roe by misgendering Roe using "she" and "her," which are not Roe's preferred pronouns, and by using Roe's legal female name, which is not Roe's preferred name.

b.      After being misgendered, Roe frequently rebuffed or corrected the misgendering by indicating that Roe's preferred pronouns were "they" and "them" as Roe identifies as non-binary, or words to that effect.  Roe also frequently rebuffed or corrected the use of Roe's legal female name by indicating Roe's preferred name.  However, even after Roe corrected Roe's name and pronouns, the tormenting and misgendering still did not stop, but instead continued unabated.

c.      On May 29, 2019, Roe was misgendered with Roe's female name, in written correspondence from Ms. Nicole Baker, Supervisor of Clinical Support and Interim Compliance Officer, addressed to Roe's parents.  However, Roe's female name is not Roe's preferred name, which Roe repeatedly made clear to Defendants by identifying Roe's preferred name.

d.      On September 20, 2019 – which was, incidentally, Minor-Plaintiff, Roe's, fifteenth birthday – during a "20-day meeting" where Roe and the lead Plaintiff, who is Roe's mother, were both present, Defendant, Randy Alan Herzon, the counselor assigned to Roe for individual counseling pursuant to Roe's IEP, tormented and abused Roe by, among other things, repeatedly misgendering Roe with "she" and "her."  Mr. Herzon further specifically stated that he would not use Roe's preferred pronouns because "it is against what I was taught learning the English language," and "I am from a generation that does not believe in these pronouns," or words to that effect.  Mr. Herzon also stated to Doe and Roe, during the meeting, that Mr. Herzon believed, referring to Roe, that "she is making a choice which is against the norms of society," and "she is setting herself up for a difficult life," or words to that effect.  Mr. Herzon further stated that Mr. Herzon "cannot control the pronouns other staff members use" when referring to Roe, and that instead the child simply "should not let what people say affect her," or words to that effect.  Roe suffered severe emotional distress and began crying visibly during the

meeting on their birthday.  Roe has regressed by self-harming or mutilating including on the breast area, and has had thoughts of suicide.

     e.     On September 20, 2019, following the meeting with Mr. Herzon, Mother-Plaintiff, Jane Doe, lodged a formal complaint via e-mail with Ms. Nicole Baker, Supervisor of Clinical Support and Interim Compliance Officer for Colonial Intermediate Unit 20; Mr. Kory Kutzler, Supervisor of Special Education for Colonial Intermediate Unit 20; and Ms. Nadine Rupp, a school counselor at Northampton Area High School.

     f.     On September 23, 2019, Ms. Baker followed up with Doe, they had a discussion by phone, and Doe recollects that Ms. Baker attempted to explain to Doe that the conduct occurred because "the last time they had training was five (5) years ago online," or words to that effect.  Upon information and belief, Defendants failed to adequately provide training in non-discrimination and anti-harassment, and/or failed to adequately provide training in non-discrimination and anti-harassment which was fully LGBT-inclusive.

     g.     On September 24, 2019, Doe followed up with another e-mail to Ms. Baker, Mr. Kutzler, and Ms. Rupp, requesting that Roe receive individual counseling moving forward from another therapist besides Mr. Herzon on account of Mr. Herzon's discriminatory conduct.

     h.     On September 25, 2019, Mr. James McDonald, Director of Behavioral Health Services at Colonial Intermediate Unit 20, called Mother-Plaintiff, Jane Doe, by phone and explained that Colonial Intermediate Unit 20 could not provide a therapist to replace Mr. Herzon for group counseling, so group counseling will be optional for Roe moving forward, or words to that effect.  Social isolation is not an acceptable solution and constitutes discrimination.  Roe's IEP states that group counseling is indicated and necessary five (5) times per week, for sixty (60) minutes per session, on account of Roe's challenges.  By comparison, cisgender students are,

upon information and belief, provided group counseling by Defendants without any issue, and such treatment is not simply "made optional" for cisgender students. Defendants have as a result deprived Roe of therapy that was medically indicated – *i.e.*, group counseling – in accordance with Roe's IEP.

   i.  Upon information and belief, Defendants also deprived Roe of fully receiving individual counseling, a form of therapy that was medically indicated for Roe in accordance with Roe's IEP, on the same terms or conditions as similarly situated students who are cisgender. More specifically, Complainants allege that Roe was not able to fully participate in individual counseling from in or around August through October 2019; and received no individual counseling from September 20, 2019 through October 1, 2019.

   j.  Defendants' staff continued to repeatedly torment and misgender Roe by using incorrect pronouns and Roe's dead name in order to refer to Roe, over both Doe and Roe's objections, including in or around September and October 2019, which was malicious and intentional.

   **WHEREFORE**, Plaintiff, Jane Doe, on behalf of Minor-Plaintiff, Roe, requests judgment be entered in Plaintiff's favor, and against Defendants, for an amount that will fully and fairly compensate Plaintiff for any and all compensatory damages for self-harm, suicide ideation, severe regression, severe emotional distress, pain and suffering, mental anguish, anxiety, depression, humiliation, and embarrassment; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring that Defendants adopt, post, and disseminate a clear and unequivocal Equal Access Policy stating that students will be treated consistent with their gender identity, in all respects, including with respect to their own health treatment, stating that students will be permitted to use gender-appropriate facilities, and

stating that students will be referred to by preferred name and pronouns; equitable/injunctive relief requiring Defendants to adopt, post, and disseminate a non-discrimination and anti-harassment policy which extends to gender identity and gender expression; to adopt, post, and disseminate an anti-retaliation policy; to provide sensitivity training immediately and to be repeated every year thereafter; and for the hiring and provision of a gender therapist for Roe to provide individual and group counseling.

## JURY DEMAND

Doe hereby requests a trial by jury of eight (8) members on all counts so triable.

Respectfully submitted,

**THE LAW OFFICES OF ERIC A. SHORE, P.C.**

DATED: 03/02/2020

JUSTIN F. ROBINETTE, ESQUIRE
Attorney I.D. No. 319829
THE LAW OFFICES OF ERIC A. SHORE, P.C.
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19102
Phone: (215) 944-6121
Fax: (215) 944-6124
E-mail: JustinR@EricShore.com

*Attorney for Plaintiffs Doe and Roe*

# EXHIBIT "A"

KING, SPRY, HERMAN, FREUND & FAUL, LLC
Rebecca A. Young, Esq.
Attorney ID: 83845
John E. Freund, III, Esq.
Attorney ID: 25390
Kristine Roddick, Esquire
Attorney ID: 84052
One West Broad Street, Suite 700
Bethlehem, PA  18108
(610) 332-0390

IN THE PENNSYLVANIA OFFICE FOR DISPUTE RESOLUTION
SPECIAL EDUCATION DUE PROCESS HEARING

IN RE: THE EDUCATIONAL ASSIGNMENT        :        ODR FILE No.  23199-19-20
OF ▇▇ A STUDENT IN THE                   :                     23200-19-20
NORTHAMPTON AREA SCHOOL DISTRICT         :

Motion to Dismiss and in the Alternative, Sufficiency Challenge
Filed on Behalf of the Colonial Intermediate Unit 20, Randy Alan Herzon, James
McDonald, Freedom High School and Bethlehem Area School District

NOW COME Defendants Colonial Intermediate Unit 20, Randy Alan Herzon,

James McDonald, Freedom High School, and Bethlehem Area School District, by and

through the undersigned counsel, and aver as follows:

1.     On January 6, 2020 Justin F. Robinette, Esq., as counsel for ▇▇

("Student") and ▇▇ ("Parent") filed a due process complaint notice that identified as

Defendants the following: Northampton Area School District, Colonial Intermediate Unit

20, Randy Alan Herzon, James McDonald, Freedom High School and Bethlehem Area

School District.

2.     During the time at issue, Student was placed by the Northampton Area

School District ("Northampton") in an IU-run classroom located at Freedom High School

("Freedom"), which is a school building located within the Bethlehem Area School

District ("Bethlehem").

3.     Student and Parent do not currently reside within the Bethlehem Area

School District, and did not reside within the Bethlehem Area School District during the time at issue.  Complaint, Para. 11.

    4.    Colonial Intermediate Unit 20 ("the IU") is an independent educational agency established pursuant to the School Code, 24 P.S. §§ 9-901 et. seq.

    5.    Randy Alan Herzon ("Herzon") and James McDonald ("McDonald") are individual IU employees.

    6.    Student and Parent are residents of Northampton and were residents of Northampton during the time at issue.

    7.    Northampton is the Local Educational Agency ("LEA") responsible for providing Student with a Free Appropriate Public Education ("FAPE").  Complaint, Para. 3; 22 Pa. Code § 14.102; 22 Pa. Code § 13.11(b).

    8.    Pennsylvania law provides for a single LEA as the responsible entity to provide students with appropriate educational programming.

    9.    The Complaint fails to state a claim or dispute to be adjudicated under the due process system provided by the IDEA and Chapter 14 of the Pennsylvania Code.

    10.    No legal basis exists for a special education due process claim against Defendants Colonial Intermediate Unit 20, Randy Alan Herzon, James McDonald, Freedom High School and Bethlehem Area School District.

    WHEREFORE, Defendants, Colonial Intermediate Unit 20, Randy Alan Herzon, James McDonald, Freedom High School and Bethlehem Area School District, respectfully request that the Hearing Officer dismiss all special education due process claims against them.

KING, SPRY, HERMAN, FREUND & FAUL, LLC

Date:  January 16, 2020

By: _____

Rebecca A. Young, Esquire
Atty ID: 83845
One West Broad Street, Suite 700
Bethlehem, PA  18108
(610) 332-0390

KING, SPRY, HERMAN, FREUND & FAUL, LLC
Rebecca A. Young, Esq.
Attorney ID: 83845
John E. Freund, III, Esq.
Attorney ID: 25390
Kristine Roddick, Esquire
Attorney ID: 84052
One West Broad Street, Suite 700
Bethlehem, PA  18108
(610) 332-0390

IN THE PENNSYLVANIA OFFICE FOR DISPUTE RESOLUTION
SPECIAL EDUCATION DUE PROCESS HEARING

IN RE: THE EDUCATIONAL ASSIGNMENT      :      ODR FILE No. 23199-19-20
OF ███ A STUDENT IN THE                :                   23200-19-20
NORTHAMPTON AREA SCHOOL DISTRICT       :

Memorandum of Law in Support of Motion to Dismiss
and in the Alternative, Sufficiency Challenge
Filed on Behalf of the Colonial Intermediate Unit 20, Randy Alan Herzon, James
McDonald, Freedom High School and Bethlehem Area School District

A.   History and Facts

Parent filed a request for due process hearing on January 6, 2020.  Defendants

Colonial Intermediate Unit 20, Randy Alan Herzon, James McDonald, Freedom High

School and Bethlehem Area School District ("the Named Defendants") have filed a

Motion to Dismiss and in the Alternative, Sufficiency Challenge which asks the Hearing

Officer to dismiss all special education due process claims against them.  This

Memorandum of Law is filed in support of the Motion.

B.   Questions Presented

1.   Is there a legal basis for a special education due process claim against

any of the Named Defendants?

Suggested Answer: No.

2.   Does the Complaint state a claim or dispute to be adjudicated under the

due process system provided by the IDEA and Chapter 14 of the Pennsylvania Code?

Suggested Answer: No.

C.    Argument

1.    *There is no legal basis for a special education due process claim against any of the Named Defendants because none of the Named Defendants are the LEA responsible to provide Student with a FAPE.*

Student and Parent are now, and during the time at issue were residents of the Northampton Area School District ("Northampton"). Northampton is the Local Educational Agency ("LEA") responsible for providing Student with a Free Appropriate Public Education ("FAPE") as a matter of law. Complaint, Para. 3; 22 Pa. Code § 14.102; 22 Pa. Code § 13.11(b).

During the time at issue, Student attended school at Freedom High School ("Freedom"), which is a school building located within the Bethlehem Area School District ("Bethlehem"). Student does not reside within the Bethlehem Area School District, and did not reside within the Bethlehem Area School District during the time at issue. Complaint, Para. 11.

Colonial Intermediate Unit 20 ("the IU") is not an LEA for school age students. 22 Pa. Code §§ 4.13, 14.102, 14.104(a), (b). Randy Alan Herzon ("Herzon") and James McDonald ("McDonald") are individual IU employees.

The IDEA defines a "local educational agency" as

"a public board of education or other public authority legally constituted within a State for either administrative control ... or to perform a service function for, public elementary or secondary schools.... The term includes (i) an educational services agency."

20 U.S.C. § 1401(19). Pennsylvania has adopted the federal definition of "local educational agency." 22 Pa. Code § 14.102(a)(2)(iii). When a school district cannot

provide an appropriate educational program for its disabled students, it may use the services of an intermediate unit. 24 P.S. § 1372(4). An intermediate unit is "a regional educational service agency … which provides educational services to participating school districts as part of the public school system of this Commonwealth." 22 Pa. Code § 4.3. Intermediate units are charged with the duty to "provide for the proper education and training for all exceptional children who are not enrolled in classes or schools maintained and operated by school districts or who are not otherwise provided for." 24 P.S. § 1372(4).

Primary responsibility for identifying all school-aged exceptional children and developing appropriate educational programs to meet their needs is placed on the school district of residence as the LEA. 22 Pa. Code § 13.11(b); Bermudian Springs School District v. Cmwlth of Pa. Dept. of Ed., 475 A.2d 943, 946 (Cmwlth. Ct. 1984); Krawitz v. Department of Education, 408 A.2d 1202, 1205 (Cmwlth. Ct. 1979). There is no legal basis for an argument that a student is entitled to more than one LEA. "For every Pennsylvania student with a disability, there is a school entity of last resort that is responsible for that child's FAPE." In re P.P., a Student in the Pleasant Valley School Dist., ODR No. 7967-07-08 (Jan 23, 2008). Pennsylvania's regulations establish very specifically when each school entity is responsible to provide services to students.[1] The district of residence, and only the district of residence, is responsible to develop and implement a special education plan to ensure that the needs of all students are met. 22 Pa. Code §§ 4.13, 14.104(a), (b). No other school district bears this responsibility. Further, an intermediate unit's responsibility is only to provide and implement a plan

---

[1] For example, the child find obligation lies with the district of residence. 22 Pa. Code § 14.121(a), (b). However, the intermediate units are responsible for child find for students parentally placed in private schools. 22 Pa. Code § 14.121(d).

under which it will fulfill the duties delegated to it by the member school districts. 22 Pa.

Code § 14.104(d); 24 P.S. § 9-964.

Here, Northampton determined that Student should be placed in a school

program that was developed and implemented by the IU. Complaint Para. 13. The IU

is the agency assigned by the District to provide services in accordance with the IEP

issued by the District, and does not become the LEA in the process of providing

services. Id.; see also, Compl. ¶ 13. Similarly, Bethlehem does not become the LEA

simply by hosting a classroom in which students from other LEAs may attend. Further,

a school building such as Freedom, and individual staff members such as Herzon and

McDonald, neither constitute a "public board of education" nor an "other public

authority," and therefore cannot be ascribed the responsibilities of an LEA.

> 2.   *The Complaint fails to state a claim or dispute to be adjudicated under the due process system provided by the IDEA and Chapter 14 of the Pennsylvania Code.*

The Complaint does not allege a denial of a FAPE, but alleges failure to provide

mental health services in a manner that is acceptable to Student and Parent. Mental

Health services are not provided pursuant to IDEA or Chapter 14 of the Pennsylvania

Code, but pursuant to Title 55 of the Pennsylvania Code. Further, gender dysphoria is

not an educational eligibility category under the IDEA and is not a disability for which

accommodations are required. 42 U.S.C. §12211.

D.   Conclusion

No recovery can lie against the IU, Bethlehem, Freedom, Herzon or McDonald,

as Northampton Area School District is the school entity responsible for providing FAPE

to Student. Accordingly, these parties ask the Hearing Officer to enter an order

dismissing Parent's due process claims against Colonial Intermediate Unit 20,

Bethlehem Area School District, Freedom High School, Randy Alan Herzon and James

McDonald with prejudice.

Respectfully submitted,

KING, SPRY, HERMAN, FREUND & FAUL, LLC

Date:  January 16, 2020

By: _____

Rebecca A. Young, Esquire
Atty ID: 83845
One West Broad Street, Suite 700
Bethlehem, PA  18108
(610) 332-0390

# EXHIBIT "B"



Eastburn and Gray, PC
Attorneys at Law

**Jennifer Donaldson, Esquire**
60 E. Court Street
P.O. Box 1389
Doylestown, Pennsylvania 18901
*t* (215) 345-7000
*f* (215) 345-9142
*e* jdonaldson@eastburngray.com

January 16, 2020

*VIA E-MAIL (JUSTINR@ERICSHORE.COM)*
       *& U.S. FIRST CLASS MAIL*

Justin F. Robinette, Esquire
The Law Offices of Eric A. Shore, P.C.
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA  19102

Re:      ███████ **Northampton Area School District – District's Answer/Motion to Dismiss**
ODR No. 23198-19-20

Dear Mr. Robinette:

Our office represents Northampton Area School District ("District") in the above-referenced matter.  Please accept this correspondence as the District's answer to the due process complaint ("Complaint") initiated on January 6, 2020 on behalf of ███████ "Parent") regarding her minor child, ███████ ("Student"), as required by Section 1415(c)(2)(B)(i)(I) of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(c)(2)(B)(i)(I), and 34 C.F.R. § 300.508(e) and (f).

Please additionally accept this correspondence as the District's Motion to Dismiss the Complaint, which will be simultaneously submitted the assigned Hearing Officer.

**<u>Motion To Dismiss</u>**

The District hereby seeks dismissal of the Complaint for failure to state any cognizable claim under either the IDEA and/or Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C.S. § 794.

Justin F. Robinette, Esquire
Re: ▮▮▮▮▮▮ Northampton Area School District
January 16, 2020
Page 2

In analyzing a motion to dismiss, a court accepts all factual allegations as true, construes the complaint in the light most favorable to the plaintiff, and determines whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief. See *James S. v. Sch. Dist.*, 559 F. Supp. 2d 600, 604 (E.D. Pa. 2008). In applying this standard for a motion to dismiss to the instant matter, the facts pled on the face of the Complaint fail to state a cognizable claim under either the IDEA or Section 504, which are the only two claims asserted in the Complaint. The failure to state any cognizable claim is due to the fact that the Complaint fails to assert that Student qualifies any protected disability category. The Complaint lists the Student's sole exceptionality as "Gender dysphoria ('GD')." *See* Complaint, ODR Form, p.1. No where else in the Complaint is any IDEA disability category alleged or identified. Gender dysphoria is not a disability category under the IDEA or a disability category recognized under Section 504.

To the contrary, per the IDEA, "the term 'child with a disability' means a child—

> (i) with intellectual disabilities, hearing impairments (including deafness), speech or language impairments, visual impairments (including blindness), serious emotional disturbance (referred to in this title [20 USCS §§ 1400 *et seq.*] as "emotional disturbance"), orthopedic impairments, autism, traumatic brain injury, other health impairments, or specific learning disabilities; and
>
> (ii) who, by reason thereof, needs special education and related services.

20 U.S.C.S. § 1401(3). This comprehensive list does not include gender dysphoria. To state a claim under the IDEA, it must be alleged that the Student qualifies or should qualify under an identified IDEA disability category. The Complaint fails to do this; therefore, the Complaint has failed to state a claim under the IDEA and any IDEA claim in the Complaint should be dismissed as a matter of law.

Likewise, the Complaint fails to state a claim under Section 504. Any claim asserted under Section 504 must initially allege that the plaintiff, here Student, is disabled as defined by Section 504. *See James S. v. Sch. Dist.*, 559 F. Supp. 2d 600, 604 (E.D. Pa. 2008). Here, the Complaint fails to aver that Student is disabled as defined by Section 504. As with the IDEA claim, the complaint lists the current disability category or exceptionality to be gender dysphoria, and gender dysphoria is not a disability pursuant to Section 504. *See James S. v. Sch. Dist.*, 559 F. Supp. 2d 600, 604 (E.D. Pa. 2008) ("The remedies, procedures, and rights applicable to § 794 claims are the same as those under the ADA. The same analysis under § 794 applies in determining whether a defendant's actions violate the ADA); *see also* 42 U.S.C. §12211 (not a disability under the ADA); *Parker v. Strawser Constr., Inc.*, 307 F. Supp. 3d 744, 753-54 (S.D. Ohio 2018) (gender dysphoria not resulting from physical impairment is within the ADA's exclusionary language); *Michaels v. Akal Sec., Inc.*, No. 09-CV-01300-ZLW-CBS, 2010 U.S. Dist. LEXIS 62954, 2010 WL 2573988, at *6 (D. Colo. June 24, 2010) (gender dysphoria is a gender identity disorder and therefore excluded

Eastburn and Gray, PC
Attorneys at Law

Justin F. Robinette, Esquire
Re: ▮▮▮▮▮ Northampton Area School District
January 16, 2020
Page 3

from ADA). Therefore, no qualifying disability or exceptionality has been identified to form a basis for asserting any claim pursuant to Section 504. As a result, based upon the facts pled on the face of the Complaint, the Complaint should be dismissed as a matter of law for failure to state a claim under either the IDEA and/or Section 504.

**Answer To Complaint**

Nonetheless, the District denies all of the claims in the Complaint and avers that there were no violations of the IDEA and/or Section 504 at all relevant times. Even if any such violation took place, no violation took place that warrants any relief to be awarded. Moreover, the complained of alleged actions in the Complaint were not conducted by or in any way related to or caused by the District and/or its staff. Thus, the District is not the appropriate defendant. Furthermore, any request for compensatory damages should be dismissed as a matter of law as this is not a form of relief available under the IDEA and/or at the due process hearing.

While the District denies these claims, we look forward to continuing our discussions to attempt to amicably resolve this matter. In the meantime, it is hereby requested that undersigned counsel be provided all documents not generated by the District that are in, or likely to be in, Parent's possession or control and that might be in any way related to the issues raised (including defenses to those issues) in the Complaint or to possible settlement positions. Such documents include, as applicable, but are not limited to: third-party evaluations assessments; reports and communications between the Parents and any third-party evaluators; criminal records; medical and/or mental health records/documents and notes; third-party therapy services and information; communications between parents and third parties regarding Student's educational program and services, including communications involving non-lawyer advocates; and communications between the parties.

We reserve the right to amend the District's Answer upon receipt and review of the student records, which we have not received to date.

Sincerely,




Jennifer Donaldson

JD/vm

ecc:    Hearing Officer Gerl
        Vicki Kropf, Director of Special Education



Eastburn and Gray, PC
Attorneys at Law

# EXHIBIT "C"

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

Jane Doe o/b/o Minor Child Roe,          :
                    Complainant,          :        PHRC Case No. 201902719
v.                                        :
Colonial Intermediate Unit 20, et. al.,   :
                    Respondent            :

### MOTION TO DISMISS COMPLAINT

NOW COME the Respondents, and aver in support of this Motion as follows:

1.    Complainants allege that the Commission has jurisdiction to hear this matter pursuant to the Pennsylvania Human Relations Act ("the Act").

2.    Complainants allege discrimination on the basis of disability.

3.    The Complaint avers that Minor Child Roe's is disabled as the result of her gender dysphoria.  Comp. ¶¶ 11, 14, 17, 18, 21, 22, 25, 26, 29-31.

4.    The Act does not include gender dysphoria as a disability.  43 P.S. § 955; Holt v. Northwestern Pennsylvania Training Consortium, 694 A.2d 1134, 1139 (transsexualism is not a disability under the PHRA)

5.    Complainants have not alleged that Minor Child Roe has a disability that is recognized under the Act.

WHEREFORE, Respondents request that the Complaint be dismissed for failure to state a claim.

Respectfully submitted,

John E. Freund, III, Esquire
jef@kingspry.com
One West Broad Street, Suite 700
Bethlehem PA 18018
Attorney for Respondents

{00726502}